## COCK AND THOMPSON *vs.* BROWN & CARMICHAEL.

R. borrows $1,000 00 of B., and promises to return it in ten days or send B. a note for $5,000 00 which he holds on C.: *Held*, That in the absence of positive proof as to the nature of the transaction, it will be construed into a security for the $1,000 00 borrowed, and not an absolute transfer of the $5,000 00 note. Equity would relieve against such a contract, if satisfactorily proven; the ten days within which the money was to be returned, not being of the essence of the agreement.

New trial, from Sumter County. Decided by Judge AL-LEN, at October Term, 1859.

The plaintiffs in error brought an action of complaint to recover from defendants a promissory note for $5,350 00, alleged to have been in the possession of the latter, to which the former claimed title by transfer from the payee, James R. Rouse. G. C. Carmichael was the maker of it.

On the trial, plaintiffs put Henry H. Brown, one of the defendants, on the stand, who testified: That he had seen the original note sued for in possession of defendants; the payee, Rouse, came to witness at his place of business at Americus, and said he must have $1,000 00 and asked witness to let him have it, and stated that he would send it back by G. C. Carmichael, who was then at the plantation, he, Carmichael had a short time before purchased of said Rouse, and where Rouse then resided, and who would return it in the course of ten days, or in the event he should not do this, he would give witness a promissory note due by Carmichael to Rouse for the payment of his land; witness let Rouse have the $1,000 on the above terms. (Described the note in controversy.) When Carmichael returned, which he did in a few days, he did not bring back the money, at which witness was much surprised, and he was informed by Carmichael, that he had not seen Rouse. About two weeks thereafter, witness met Rouse in the street, and when witness got within speaking distance of him, Rouse ran his hand in his pocket and took out a sheet of paper wadded up, and stooped down and unrolled it upon his knees, and what witness saw was the promissory note that Carmichael had given him for his land and negroes; and Rouse then tore off the top note and re-

marked, that he always had been as good as his word and would remain so, and gave witness the note—being the note in controversy. Rouse never afterwards set up any claim to the note to witness, and witness always claimed the note. Witness never afterwards saw Rouse to have any conversation with him. Witness considered Carmichael good at the time he took the note of Rouse; a day or two before this suit was brought, plaintiffs and Mr. Hawkins came to him with a roll of money and demanded the note, and offered to pay back the $1,000 00 and interest thereon; witness then agreed to waive all legal formalities as to demand, tender, etc.

Plaintiffs also put in evidence an order from Rouse, the payee, to Brown & Carmichael in favor of plaintiffs for said note—the latter to pay up the $1,000 00 advance. Plaintiffs then closed.

There having been a verdict for defendants, plaintiffs moved for a new trial on the ground, that the verdict was contrary to law and evidence; which motion was overruled by the Court, and counsel for plaintiffs excepted.

McCay & Hawkins, for plaintiffs in error.

B. Hill, for defendants.

*By the Court*, Lumpkin, J., delivering the opinion.

We think the verdict strongly and decidedly against the evidence in this case. Indeed, we see no proof whatever that Rouse intended to transfer absolutely the $5,000 00 note for the $1,000 00 which he borrowed of Brown. It should be clear and unequivocal proof to support such a transaction. When he got the money, he promised to return it in ten days, or send the $5,000 00 note by Carmichael—neither of which he did; but the first time he met Brown, he handed him the note, with the declaration that he meant to be as good as his word.

And now, it is insisted, that instead of treating this note as security, only, for the money borrowed, Rouse is to be adjudged to have forfeited $5,000 00 for not returning the $1,000 00 in ten days, which he borrowed. Equity would relieve against such a contract if actually made.

The plaintiffs, as holders of this note payable to bearer,

were entitled to sue in their name, not thereby depriving the defendants of any rights of defense which they might have against Rouse.