ATKINSON & CLARK *vs.* LANIER *et al.*

[This case was argued at the last term, and the decision reserved.]

1. Where a note which fell due in 1867 was payable in "gold or its equivalent," although at the maturity thereof gold was at a premium, and subsequently it became of par value with currency, yet in a suit on the note the recovery could only be for the amount of gold or its equivalent specified therein, with interest added as damages for failure to pay at maturity. A judgment for the value of gold in currency at the maturity of the note as a principal, with interest thereon (less agreed credits) was erroneous.

(*a.*) The judgment should not be generally for a given amount, without stating whether in gold or currency; but as the two are now of equal value, this makes no practical difference.

(*b.*) This case compared with and distinguished from *Whitaker vs. Dye*, 56 *Ga.*, 380.

2. While the consideration of a written contract may always be the subject of parol evidence, the contract in its terms cannot be varied thereby.

September 5, 1882.

Contracts. Gold. Damages. Before Judge HARRIS. Troup Superior Court. November Term, 1881.

Lanier *et al.* brought suit against Atkinson & Clark on the following note:

$1,500.00. Ten months after date we promise to pay Mary Ann, V. J. and Eliza F. and Rufus A. Anderson, minor children of John B. Anderson, fifteen hundred dollars in gold or its equivalent, with interest from date, for value received. March 8, 1866.

(Signed.)                    ATKINSON & CLARK."

Defendants pleaded the general issue and a special plea to the effect that plaintiffs were not parties to the consideration of the note, nor intended as beneficiaries thereunder, but their father was the owner of cotton which he feared would be confiscated by the revenue officers of the United States, and upon selling the same to defendants, the names of his children were, at his request and for his protection, inserted as payees, not for the purpose of creating any obligation to them, but merely to avoid trouble

from the revenue officers, which he apprehended. On the trial, parol testimony was offered to support the allegations in the plea, but was rejected by the court, in so far as it sought to alter and vary the note.

When the note fell due, one dollar in gold was worth one dollar and forty cents in currency. At the time of the trial they had become of equal value. The case being submitted to the court without a jury, he held that the valuation should be fixed at the date of maturity, and rendered judgment accordingly. Defendants excepted.

B. L. HARRIS; B. H. BIGHAM, for plaintiffs in error.

FERRELL & LONGLEY, by brief, for defendants.

JACKSON, Chief Justice.

This is an action on a promissory note to pay the plaintiffs fifteen hundred dollars " in gold or its equivalent; " and the controlling question is, what is the measure of damages on a breach of the contract in not making payment in 1867, when the note fell due. The plaintiffs are minors, and hence are not barred, having had no guardian or legal representative; and the suit was recently brought and was decided by the judge of the superior court of the Coweta circuit, without a jury by agreement of the parties, at the November term, 1881, of Troup superior court. When the note fell due $1.00 in gold was worth $1.40 in paper currency, legal tender, and the judge added forty per centum to the face of the note, and calculated the interest on that sum, and gave judgment, after deducting certain credits agreed upon, for principal and interest, on that basis.

The defendant excepted, and assigns that judgment as erroneous.

1. The judgment is not for the sum found due, in currency, but for nine hundred and five dollars and fifty cents prin

v 69—30

cipal and six hundred and six dollars interest, generally. In this particular case, and at this time, when legal tender notes are at par with gold, it makes no practical difference wheth-er the judgment be entered thus generally or in currency or in gold, as all are of par value ; but if legal tender currency and gold were now of different values, as they were at the maturity of the note, the difference of the manner of en-tering the judgment would be large and quite apparent.

At its maturity, how was this note by the contract of the parties to be paid ?   The contract replies, "in gold or its equivalent."   If not paid at that time, but the pay-ment was delayed for months or years, when then paid how was it by the contract to be paid?   Still in gold or its equivalent, with interest, as damages for the failure to pay at maturity.   The principal, in gold or its equivalent, and the interest, as damages for non-payment, in gold or its equivalent.   And when judgment is rendered on the note when it is sued upon, what should be the recovery ? Just the same, we think, that is, the principal in gold or its equivalent, and the interest in gold or its equivalent. By this line of reasoning it will appear that the plaintiffs were entitled to recover the face of the note in gold, with interest in gold up to the date of the judgment ; but the court below rendered judgment, after deducting credits, for the face of the note in the equivalent of gold at its ma-turity in the then currency of the country, and interest on this sum up to judgment.   Thus the court added to the amount promised to be paid at the maturity of the note forty per cent., making the face of it $2,100.00 instead of $1,500.00, and on this increased sum calculated interest, and gave judgment therefor.

The equivalent of gold is all that the defendants bar-gained to pay ; gold is the exact equivalent of gold, there-fore gold is what they bargained to pay ; but the effect of the ruling and calculation of the court below is to force them to pay $600.00 more of principal in *gold* than they ever bargained to pay, and of course rateably the increased

amount of interest.   That gold and currency are now par, cannot alter the legal question.   That is one of the accidents of time and trade.   Gold might have been now worth twice as much as currency, and still the plaintiffs could recover gold, though its equivalent in currency would have been twice the nominal sum of the judgment. They ought to recover no more now, though gold and currency be par.

The measure of damages for the breach of the contract in not paying the note at maturity is the interest, and that is always fixed and easily ascertained.   If another measure, based on the fluctuations of currency, were adopted, it would lead to great confusion.

We hold, therefore, that the court was wrong in ruling that the plaintiffs could recover more than the face of the note in gold, with interest in gold from maturity, and in adding forty per centum to the nominal sum in the face of the note and basing his calculations thereon.   Such, too, seems to be the current of authority.

Our own court in the case of *Whitaker vs. Dye*, 56 *Ga.*, 380, say, "if this were a gold contract, the judgment should be for gold," citing 7 Wallace 229–12; *Ib.*, 687. "But (the learned judge delivering the opinion in *Whitaker vs. Dye* goes on to say) "it is a currency contract, and whatever advantages belong to it as such ought to be preserved.   In dealing with it, the value of gold was involved to find out how much currency was due, but for that purpose only."   Thus that case is distinguished from this.   That contract is: "The subscriber agrees to pay at the maturity of the note, on the currency then in circulation, an amount equivalent to the aforesaid amount of the currency now in circulation as it is valued at the date hereof," that value being fixed in the note just preceding the words cited above.   So that that is a pure currency contract; but this contract which we are now considering is in these words, " ten months after date we promise to pay  *  *  *  *  fifteen hundred dollars in gold, or its

equivalent, with interest from date." So that this is a contract which might have been discharged by a payment in gold at the maturity of the paper, and not having been then so discharged, on suit for the damages for that breach of promise to pay, the measure of damages is the gold which could then have extinguished the debt with lawful interest for delay in payment. Thus, the learned judge in *Whitaker vs. Dye, supra*, goes on to say, "treating currency as represented by that part of it which may be used as legal tender, is not the difference between realizing it earlier or later, simply the lawful interest ; no more and no less? We shall so hold in the present case, and affirm the judgment." So we may say in this case. Is not the difference in realizing the gold earlier or later, simply the lawful interest, no more and no less? Observe, the words " or its equivalent" do not alter the contract or make it more burdensome on the debtor. He did not promise to pay more than gold, but gold or the equal of gold ; whereas the other construction or rule would make him pay more than gold or the equivalent of gold, but the value of the currency as compared with gold at the maturity of the paper. And as gold and currency are now of equal value, the effect of the judgment is to make the debtor pay in gold more than he contracted to pay, with interest on this larger principal, instead of paying exactly what he contracted to pay, with interest on that sum.

In the case of Bronson *vs.* Rodes, 7th Wallace, 229, the question was whether, on a note payable in gold coin, judgment should be for the gold or legal tender currency, and the supreme court of the United States held that the debt could not be discharged in legal tender currency, but must be paid in gold, and it was so ordered, reversing the court of appeals of New York.

And so in Trebilcock *vs.* Wilson, 12th Wallace, 687, the same principle was again applied, reversing the supreme court of Iowa. On the question there distinctly put,

"whether a promissory note of an individual, payable by its terms in specie can be satisfied, against the will of the holder, by the tender of notes of the United States, declared by the act of congress of Feb. 25th, 1862, to be a legal tender in payment of debts," it was held that it could not be so satisfied, and judgment was rendered for the debt in gold and silver coin, and Bronson *vs.* Rodes was affirmed. If the holder was entitled to a judgment in gold and silver coin and, could not be made to take less, can the debtor be made to pay more? That would be to make one rule for the creditor and another for the debtor, and if the principle ruled in these two cases by the supreme court of the United States, and recognized and adopted by this court in effect in *Whitaker vs. Dye*, be good law for the one class, the creditors, it must be applied in exact justice to the other class, the debtors.

It will be observed that in the case in the 12th Wallace the debt was payable *in specie*, and those words were construed to mean gold and silver coin, and thus that case was brought within Bronson *vs.* Rodes, and the case distinguished from a promissory note payable in specifics.

We are aware that the ruling we now make is in conflict with Bond *vs.* Greenwald & Co., 4 Heiskell, 453, decided by the supreme court of Tennessee ; but we feel constrained to go where the principle ruled by the supreme court of the United States in the cases cited and in others to the same general effect, and recognized by us in *Whitaker vs. Dye, supra*, must take us. The principle accords, too, with the sounder reason, and enforces the contract of the parties as made by themselves, laying as the measure of damages for delay in payment the uniform rule, interest on the sum that was agreed to be paid, and requiring both principal and interest to be paid in the gold which was promised.

2. In respect to the other points made in the record, it is only necessary to say that while the consideration of a contract in writing may always be open for parol evidence,

the contract cannot in its terms be varied by such testimony, and we do not see error in the rulings of the court in regard to the points made thereon in this record.

We reverse the judgment, because we hold that the court below erred in awarding judgment on the value of the gold at the maturity of the note as compared with the value of currency then, with interest on the principal so increased, instead of awarding a judgment for what is due on the face of the note, after deducting the credits agreed upon, in gold, with interest thereon up to judgment also in gold.

Cited for plaintiff in error : Code 2757, sub-sec. 8 ; 30 *Ga.,* 925 ; Code, 2720, 2727, 2729, 2774, 2874 ; 8 *Ga.,* 49 ; 56 *Ib.,* 380 ; 37 *Ib.,* 600 ; 38 *Ib.,* 133 ; 41 *Ib.,* 333 ; 51 *Ib.,* 528 ; 42 *Ib.,* 551 ; 46 *Ib.,* 232 ; 5 Wallace, 663 ; 7 *Ib.,* 258, 229 ; 11 *Ib.,* 379 ; 12 *Ib.,* 698 ; 14 *Ib.,* 268 ; 3 Benedict 160 ; 8 Blatchford, 337 ; 15 Rich. Law, 50 ; 5 Bush, 199 ; Code, 2757, sub-sec., 1 ; 14 *Ga.,* 429 ; 18 *Ib.,* 440 ; 28 *Ib.,* 165 ; 30 *Ib.,* 306, 93, 981 ; 52 *Ib.,* 47 ; 53 *Ib.,* 214 ; 57 *Ib.,* 319.

For defendant : 44 *Ga.,* 46 ; 45 *Ib.,* 511 ; 47 *Ib.,* 329, 359 ; 54 *Ib.,* 222, 625 ; 56 *Ib.,* 638 ; 57 *Ib.,* 232 ; 54 *Ib.,* 174 ; 60 *Ib*, 585 ; 61 *Ib.,* 147 ; 63 *Ib.,* 411 ; Code, 3854 ; 103 U. S., 313 ; 60 *Ga.,* 164 ; Code, 2944, 2950, 3073, 3074 ; 44 *Ga.,* 241 ; 91 U. S., 298–9 ; 4 Heiskell, 453.

Judgment reversed.