EWING, treasurer, vs MEDLOCK.

*As to actions by a particular officer of an association.*

1. No action can be maintained by the treasurer of an association, not incorporated, against one, upon his promise in writing, to pay money as a subscription,—the same being payable to the *"treasurer"* of such association, alone.

In error to the Circuit Court of Tuskaloosa county.

George L. Medlock was summoned before a justice of the peace of Tuscaloosa county, to answer to Samuel B. Ewing, treasurer of the Jockey Club, and where a judgment was rendered against him, from which he appealed to the Circuit Court. In that Court, the plaintiff filed a statement as treasurer of the Tuskaloosa Jockey Club, claiming of defendant, the sum of fifty dollars, for the amount of his subscription to said club, due first November, eighteen hundred and thirty-five: and by the verdict of a jury, judgment was entered for the defendant.

The plaintiff on the trial, offered in evidence to the jury, a paper, headed as follows, to wit:

"We the undersigned, for and in consideration of the privilege of attending the races hereafter to be run over the Tuskaloosa race course, free of gate toll, do hereby agree and bind ourselves to pay to the treasurer of the Tuskaloosa Jockey Club, on the first day of November, in each and every year,

for the term of four years—the amount subscribed opposite our names.—January 23, 1834.

Signed with others by the defendant."

To the introduction of this paper, as testimony, the defendant's counsel, objected, unless it was made to appear that the Tuskaloosa Jockey Club, was an association known to the law, and possessed the powers to sue by its treasurer. It was at the same time admitted by the defendant, that the Tuskaloosa Jockey Club, was a private association of individuals, possessing no corporate powers, whose avowed object was to improve the breed of horses, by racing: that the plaintiff was their treasurer, and that defendant had subscribed to the paper.

It appeared that there was racing over the track in eighteen hundred and thirty-five, and that defendant could have attended, had he desired, without paying toll.

This being all the testimony, the presiding judge excluded the paper from the jury, and that the plaintiff under it, could not recover.

To this decision, the plaintiff excepted, and took his writ of error.

*Ellis*, for plaintiff in error—*Porter*, contra.

HOPKINS, C. J.—The promise upon which the plaintiff in error relied, in the Court below, to recover of the defendant, was in writing, and for the payment of money. It was not payable to any person by name, but to the treasurer of the Tuskaloosa Jockey Club. The suit was brought by the

plaintiff in error, as treasurer of that club. The club was not incorporated, but is a private association of individuals. It was admitted in the Court below, that the plaintiff in error was the treasurer of the club. The Court below determined that this evidence did not entitle the plaintiff to recover, and upon the motion of the defendant, excluded it from the jury.

To maintain that the plaintiff has a right to the action, would be to put him upon the same ground he would occupy, if the association had been incorporated, and made capable by its charter, of suing in the name of whoever might be the treasurer of the club, upon instruments made payable to the treasurer. Such a capacity to maintain an action, can be conferred by a charter only. If the money had been payable to the plaintiff by his individual name, the right to the action would belong to him, and the description of him as treasurer of the club, would not affect the right. The only effect the description could have, would be to make him a trustee for the members of the association.

If the treasurer of the club could maintain the action, the right to the action might belong to different individuals at different times. The club may remove from office, a person who was the treasurer when such a promise was made, and appoint a successor. In such a case, the right which once belonged to one person as treasurer, would be exercised by another, without an assignment from him who was first entitled; for an assignment would be without effect, as the promise is made to no one individually.

In the case of *Piggott vs Thompson*,[*] commission-ers had been appointed by three acts of Parliament, to drain certain fen-lands, with power to erect toll-gates, and take tolls in the fen-lands. The tolls were vested in the commissioners, and their successors. They were authorised by the acts, to appoint a treasurer. They let the tolls for three years to Thompson, at one hundred and forty-five pounds per annum, and he, by his promise in writing, undertook to pay the money to their treasurer, not by his individual name, but as treasurer of the commissioners. The Court decided that the person who was treasurer, when the promise was made, could maintain no action on it:—that the right to an action belonged to the commissioners.

We are of opinion, that the Court below did not err in excluding the evidence from the jury.

The judgment is affirmed.

COLLIER, J. not sitting.

[*3 Bos. & Pull. R. 146.]