No. 25.—THOMAS T. WYCHE, plaintiff in error, *vs.* ISAAC WINSHIP, defendant in error.

[1.] Parol evidence is inadmissible, to add a term to a written contract, concerning which, it is silent.*

Assumpsit, in Bibb Superior Court.    Tried before Judge POWERS.    At Nov. Term, 1852.

---

* See above, *Logan, et al. vs. Bond.*

The action was founded on a note, given and made by Wyche to Winship, for $75 ; expressed to be for the rent of Winship's Ware house in Macon.

*Plea :*—Total and partial failure.

1st. That at and before the signing the note, it was agreed that Winship was to repair the ware house and premises, without which it was not tenantable, and that by reason of failure to repair, defendant sustained a total failure.

2d. Partial failure, for same reasons—adding that cotton was stolen, &c.

Plaintiff moved to strike out the said pleas, as seeking to add to, and change a written contract by parol, (defendant below admitting that he had only oral evidence to support his plea.) The Court sustained the motion, and defendant excepted ; and on this ground solely, brings his bill of exceptions.

STUBBS & HILL, for plaintiff in error.

RUTHERFORD, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Lord *Hardwicke* is reported to have said, that parol evidence might be given, of collateral matters, about which the written contract was silent—as that the landlord agreed to make repair, or the tenant to pay the rent clear of taxes. *Norris' Peake,* 191. And this extra-judicial opinion seems to have been approved by Mr. Justice *Blackstone, in Preston vs. Merceau, executor.* 2 *W. Blackstone's Rep.* 1249.

[1.] But it has been expressly and repeatedly decided that parol evidence is inadmissible to prove even these collatteral matters concerning which the writing is silent. *Earl of Rutlands' Case,* 5 *Rep.* 26, a. *first resolution. Brown vs. Lelum, Ca. Tem. Talbot,* 240. *Partuiche vs. Poulet,* 2 *Atkin,* 383. *Pym vs. Blackburn,* 3 *Ves. jr.* 36. *Meers vs. Ansell,* 3 *Wils.* 275. *Boydell vs. Drummond,* 11 *East.* 142, 153.

*Hope vs. Atkins*, 1 *Price*, 143.    *Greaves vs. Ashton*, 3 *Camp.* 426.    *Rich vs. Jackson*, 4 *Bro. Ch. Cas.* 514 *; and see Mr. Eden's note, Ib.* 6 *Ves. jr.* 334, *n.* (*c*) *S. C. Parkhurst vs. Van Courtland,* 1 *John. Ch. Rep.* 273, *S. C. ; on Appeal* 14 *Johns. Rep.* 15.    *Gilpins vs. Consequa,* 1 *Peters,* 85, 87. *O'Hara vs. Hall,* 4 *Dall.* 340.    *Wolf vs. Carethers,* 3 *Serg. & Rawle,* 240.    *Wallace vs. Baker,* 1 *Binn.* 610.    *Marshall vs. Sholt, Add.* 361.    *Bruce vs. Barber,* 3 *Conn. Rep.* 9. *McCoy vs. Moss & Wenling,* 5 *Porter,* 85.

All these authorities and innumerable others, which are scattered broadcast throughout the books, show that a term agreed upon by parol cannot be added to a written contract.

No principle of law has been more frequently the subject of consideration than this, before this Court; and foreseeing and duly appreciating the mischief that would ensue if it were abrogated or frittered away, we have, from the commencement of our organization, labored hard and perseveringly to preserve it inviolate.

The Court below did not err in striking out the defendant's plea, and its judgment is therefore affirmed.