## LUFBURROW *vs.* HENDERSON.

1. When a written agreement states a consideration in general terms, it is competent to show by *parol* the particulars included in the general description, in order to show that there has been a failure of consideration and the extent of it.

2. The doctrine of *recoupment* is but an improvement upon the old doctrine of failure of consideration. It looks through the whole contract, treating it as an entirety, and regarding the things done and stipulated to be done on each side, as the consideration for the things done and stipulated to be done on the other; and when a plaintiff seeks redress for the breach of the stipulations in his favor, it *sums up* the grievances on each side, strikes a balance, and gives him a judgment for only such *difference* as may be found in his favor.

Complaint, in Chatham Superior Court. Tried before Judge FLEMING, at May Term, 1859.

This was an action by the defendant in error against the plaintiff in error, on three promissory notes, which he read in evidence, and closed. The defendant then read in evidence a paper executed by the plaintiff, acknowledging the reception of these notes, together with several others executed by the defendant at the same time, and then stated the occasion of their being given, in these words: " Received for my interest in the firm of Henderson & Lufburrow, embracing *all things,* in return for which I pledge myself not to enter into opposition to the above O. H. L. (the defendant) in his present business, this binding me solely to the city of Savannah, any business transacted by me in any other place not to be considered as conflicting in any way with his interests."

Defendant then offered to prove by —— Kent, in support of his pleas of failure of consideration, that the consideration of the three notes was the contract on the part of the plaintiff not to·enter into an opposition business, and that that consideration had failed. On objection, the Judge excluded the evidence, and the defendant excepted, and assigns error thereon. The defendant then offered to prove that the words "all things" in said instrument included, among other considerations of value, the stand and good-will of the business in which plaintiff and defendant had been engaged, and which

plaintiff had sold to defendant as aforesaid, and that the sole consideration of these particular three notes, was the said stand and good will.   On objection, the Court rejected the evidence.    The defendant excepted, and now assigns the ruling as error.

NORWOOD, WILSON & LESTER, for plaintiff in error.

LLOYD & OWENS, *contra.*

*By the Court.*—STEPHENS J., delivering the opinion.

The only reason stated in the bill of exceptions for the rejection of the proposed evidence, is, that the effect of it would be to alter and add to the written agreement.    This reason applies only to so much of the evidence as went to show a verbal *contract* apportioning to these particular three notes, as their special and peculiar consideration a certain part of that which the writing states as the general consideration of all the notes.    That part of the evidence was properly rejected, but there was another portion which went to show, not a contract, but material facts.    The writing evidences that Henderson had sold to Lufburrow his interest in their common business, embracing "all things."    What were "all things," or what was any one of them?    The writing gives no information on the point, and if the particulars, not of the *contract*, but of the *property* which falls within the terms of the contract, cannot be shown by *parol* proof, then this instruments and all other instrument which convey by terms of general description, are not worth the paper on which they are written.    They are snares, and not contracts; for while they prove nothing themselves, they yet withhold the party who takes them from proving anything by other means. "All things" were the consideration of all the notes, and the jury had to inquire of what these things consisted, what ones of them had failed, and what was the proportionate value of such as had failed.    Whether or not there was a business stand and run of custom of amounting to an item of value, and if so, what proportion that item bore in value to the other items composing the general consideration, were matters to be ascertained in arriving at any conclusion as to a failure of consideration and the extent of it, and matters

Lufburrow *vs.* Henderson.

to be proven by anybody who knew the facts, or by the acknowledgements of Henderson. If he had said that the stand and run of custom was worth three thousand dollars, and had treated it as was worth so much, those were proper facts to go to the jury against him, not as showing a *contract to bind* him, but as any other piece of evidence, to assist the jury in arriving at the true proportionate value of that item in the consideration. But surely the reason given, (that the evidence would alter or add to the written agreement,) cannot apply to that part which went to show that Henderson had violated his written agreement, by setting up an opposition business in Savannah.

2. It was attempted in the argument to justify the exclusion of this last named evidence and all the rest of it, upon the ground that the defendant cannot avail himself of these facts as a defense to this action, but must bring an action of his own for a breach of the agreement by the plaintiff. Cases there are which support such an idea, but they are outweighed by the strong reasons which have embodied themselves in the comparatively modern doctrine of *recoupment*, which is but a liberal and beneficient improvement upon the old doctrine of failure of consideration. It look sthrough the *whole* contract, treating it as an entiety, and treating the things done, and stipulated to be done on each side, as the consideration for the things done, and stipulated to be done, on the other. When either party seeks redress for the breach of stipulations in his favor, it *sums up* the grievances on each side, instead of the plaintiff's side only, strikes a balance, and gives the difference to the plaintiff, if it is in his favor. It has not yet been carried so far as to give the *defendant* the difference which may be found in *his* favor, because he has not *sued*, and the statute of set-off does not apply to such a case. The statute ought to be made to apply, and then the doctrine would be complete in its symmetry and in its equity. The statement of it commends it to every lover of justice. The defendant in the case before us only asked that the plaintiff's stipulation to refrain from opposition to him, might be valued by evidence, including the plaintiff's own assertions upon the point, and that he might be allowed for the breach of it, a proportional abatement from his stipulation to pay the notes. We think he was entitled to his demand. Judgment reversed.