BULLARD *vs.* LONG *et ux.*

[This case was argued at the last term, and the decision reserved. JACKSON, Chief Justice, being disqualified, Judge HILLYER, of the Atlanta circuit, was designated to preside in his stead.]

1. A deed made as part of a usurious contract, though void as title, may yet in equity be treated as a mortgage, and the lien enforced for amount legally due ; no question as to registry or any intervening equity being involved.

2. Where money was loaned ostensibly for the purpose of removing an incumbrance on a homestead, and the question was whether the lender had notice that a part of the loan was directed to another and different purpose, and on the trial the only evidence to the point was the borrower testified that he told the lender what he wanted with the money, and how much, and that the lender replied he did not care for that, " all he wanted was his papers fixed as he wanted them ;" and the lender himself testified that the money was to pay the incumbrance and " other part of it for something else," such lender is charged with notice, and he cannot enforce against .the homestead so much of the loan as was thus directed. And a verdict finding the contrary was properly set aside on motion.

HILLYER, Judge.

---

STRIPLING *vs.* HOLTON.

Parol evidence is inadmissible to add conditions to a written contract absolute on its face. 40 *Ga.*, 199; 56 *Ib.*, 31 ; 57 *Ib.*, 350 ; 60 *Ib.*, *157, 614;* Code, §1950, par. 2.

SPEER, Justice.