## Pitts vs. Allen.

1. If one person contracted to serve another for a certain sum of money, and at the same time stipulated that, if he should die before the expiration of the term of service, he should receive nothing for his services, this would be a good contract, founded upon a sufficient consideration, and would be legally binding upon both parties; and if the party who was to render the services should die before the expiration of the term, his legal representatives would not be entitled to recover anything. Such a contract of service would furnish a good consideration for a promissory note given by the hirer.

2. Where the consideration expressed in a promissory note was "for value received," in a suit thereon, the defendant might plead and prove by parol that the consideration was a contract of hiring which had failed, according to its own terms, by reason of the death of the person; aliter, if the consideration had been stated in the note.

(a.) The expression, "value received," is a patent ambiguity, and it may be explained, and failure of consideration shown by parol.

(b.) The cases in 43 Ga., 190; 60 Id., 158; 68 Id., 821, discussed and harmonized with the present case, and the last case overruled in so far as it may conflict with the present decision.

3. If the plaintiff hired a person of full age to the defendant, and received from him the note in suit for the services of the person so hired, this was an illegal transaction, and the note so given was void as being contrary to public policy and in violation of the thirteenth amendment to the constitution of the United States, and of par. 17 of the bill of rights in the constitution of Georgia.

November 6, 1883.

Contracts. Evidence. Promissory Notes. Public Policy. Master and Servant. Hiring. Before Judge HARRIS. Pike Superior Court. April Term, 1883.

Pitts brought suit in the county court of Pike county against Allen on a promissory note for $5.560, payable to plaintiff or bearer. The case was carried by appeal to the superior court. The defendant pleaded the general issue and failure of consideration, alleging that the consideration of the note was the hire of a certain negro for twelve months, and that it was agreed at the time that, if the negro died, the note was not to be paid; that defendant was

induced to sign the note on that understanding; that he advanced to the negro clothes, etc., to the amount of about $17.00; and that the negro, during the same month when the contract was made, died without performing any labor for defendant, beyond making some fires and feeding stock, which was not worth his board. Plaintiff moved to strike this plea, but the motion was overruled by the court.

It is unnecessary to set out the evidence further than to state that it appeared that the plaintiff paid a fine which had been imposed upon a negro man who was convicted of a misdemeanor; that he subsequently hired the negro out to defendant, and for this the note sued on was given. The negro died in about eighteen days after the agreement was made.

The jury found for defendant. Plaintiff moved for a new trial, on the following among other grounds:

(1.) Because the court refused to strike defendant's plea alleging failure of consideration, on the ground that the agreement set up was made before the signing of the note; and because the court allowed parol evidence to be introduced in support of this plea.

(2.) Because the court charged the jury that, if they believed from the evidence that the consideration of the note sued on was the hire of the negro, Underwood, and that the agreement at the time of the contract was that, if the said Underwood died and did not render the service to the defendant, then the note was not to be collected, and if he did so die without rendering such service, then they should find for defendant; but if no such agreement was made between defendant and plaintiff, then they should find for plaintiff.

The motion was overruled, and plaintiff excepted.

E. WOMACK; N. M. COLLINS; F. D. DISMUKE, for plaintiff in error.

J. M. SMITH; JOHN I. HALL; J. J. HUNT, for defendant.

BLANDFORD, Justice.

This was an action upon a promissory note made by defendant, payable to plaintiff or bearer, for the sum of fifty-five dollars and sixty cents, for value received. To this action defendant pleaded failure of consideration, because he says that said note was given for and in consideration of the services of a certain person for twelve months, and at and before the making said note, plaintiff agreed that, if the person whose services were to be rendered to defendant died before the expiration of the year, then nothing was to be paid for such services, and that the person did die after the expiration of sixteen days. The court below held this to be a good plea in bar of plaintiff's right to recover.

1. The only question is, was this a good defence to plaintiff's action. One contract may be a good consideration of another contract. If one person contracts to serve another for twelve months for a certain sum of money, and at the same time stipulates that, if he should die before the expiration of the term of service, then he should receive nothing for his services, this would be a good contract, founded upon a sufficient consideration, would be legally binding upon both parties, and if the party who was to render the services should die before the term of service expired, then his executor or administrator would not be entitled to recover anything. And this contract of service would be a good consideration for a promissory note given by the hirer for such service.

2. It is contended by plaintiff in error, that parol evidence cannot be admitted to show failure of consideration of this note by showing that the consideration of the same was for the hire of the person mentioned for twelve months, and that if the person hired should die before the expiration of the term of service, that plaintiff should receive nothing for such service, because it would add to, contradict and vary the written note. The note only expresses

the amount to be paid; it does not express the consideration, other than for value received. The testimony would only show the consideration of the note; in other words, it would explain the meaning of the words "value received," it would in no sense add to, contradict or vary the writing. The contract between the parties being a lawful contract; is the value received mentioned in the note; this rule of the common law would not be violated by the admission of such evidence. It has ever been held that parol evidence is admissible to show the consideration of a promissory note such as this, and in all cases, unless the consideration be stated in the writing; and in such case of express consideration in the writing, then the same cannot be shown by parol to be different from that expressed.

The expression "value received," in this note, is a patent ambiguity, doubtless; it does not express what value has been received by the maker. Parol evidence is admissible to explain all ambiguities, both patent and latent. Code, §§3801, 2757; 21 Ga., 526. Such evidence is admissible to show a failure of consideration, (30 Ga., 482), and this case is in point to show that parol evidence is admissible to show the consideration of the note sued on, and that there was a failure of the same, whatever that consideration may be; and this case fully sustains the case of Smith and another vs. Brooks, 18 Ga., 441, in which it was decided that where a promissory note like the one at bar, expressing as the consideration value received, was given for the hire of a slave, parol evidence was admissible to show that the plaintiff agreed that if the slave died before the end of the year, he should only receive pay pro rata for the time he lived, and that the slave died before the end of the year, to sustain a plea of partial failure of consideration.

But it is insisted that the cases of Lester & Lester vs. Fowler et al., 43 Ga., 190; Haley, ex'r, vs. Evans, 60 Ga., 158, and Stripling vs. Holton, 68 Ga., 821, overruled the case of Smith et al. vs. Brooks, 18 Ga., 441. An examina-

tion of the records in those cases referred to will show a different state of facts from the case of *Smith vs. Brooks*, and from the case now being considered. In the case of *Lester & Lester vs. Fowler et al.*, 43 *Ga.*, 190, the defendant sought to prove, in defense to an action brought upon a promissory note given by defendant to plaintiffs as attorneys at law, for services in defending defendant against a criminal prosecution, that after the services had been rendered, the plaintiffs agreed that, as they had failed to clear defendant, the paintiffs were to receive nothing for their services. These facts do not appear in the record of that case, as reported, but are in the original record. In the case of *Haley vs. Evans*, 60 *Ga.*, 158, the note sued on expressed as the consideration thereof certain lots of land, mentioned by numbers and districts. It was sought in that case, to prove a different consideration from that stated in the note. This court ruled, in that case, that this could not be done, which was obviously correct. Code, §2740. The case of *Stripling vs. Holton*, 68 *Ga.*, 821, comes nearer to the case at bar, and *Smith vs. Brooks*, and also the case in 30 *Ga.*, 482, than any other case that can be found in our reports, and would seem to be in direct conflict with the cases mentioned. So far as the case of *Stripling vs. Holton* is in conflict with *Lufburrow vs. Henderson*, 30 *Ga.*, 482; *Smith vs. Brooks*, 18 *Ga.*, 441, it is overruled, and those decisions are affirmed. The case of *Stripling vs. Holton*, 68 *Ga.*, 821, announces a correct principle of law, but the same is not applicable to the facts in that case, as will be seen by an examination of the original record. The facts are similar to the facts in this case, and as to the principles of law announced in that case, the same are correct, and are not in conflict with the cases in 18 and 30 *Ga.*, before referred to, but the application of the principles to the facts, in that case, is wrong. By looking at the opinion of the judge who delivered it, which is on file, it will be found that it is based upon the cases in 43 *Ga.*, and 60 *Ib.*, already examined above.

3. This record discloses a transaction between the parties which fails to meet with our approbation. It shows that the plaintiff hired a person of full age to the defendant, and the defendant gave the note sued on in this case to plaintiff for the services of the person so hired. This was an illegal transaction, and this note is void, as being contrary to public policy, and violative of the thirteenth amendment to the constitution of the United States, and also of par. 17 of the bill of rights of this state.

The court below having refused a new trial in this case, and the verdict of the jury having been for the defendant, the judgment of the court below, refusing the new trial, is affirmed.

Judgment affirmed.