## STRICKLAND *v.* GRAY.

Where by the terms of a parol contract, made *bona fide*, and not colorable only, to which a husband and his wife and a creditor of the former were all parties, the husband was to convey a tract of land to the wife in consideration of a stated sum, part of which she was to pay to him in cash, and for the balance give her own note to the creditor and secure its payment by making him a deed to the land, the amount of such note being the same as that owed by the husband to the creditor; and where all of these agreements were actually carried out, the creditor, upon the wife's refusal to pay the note at its maturity, could maintain against her an action of ejectment for the land. Under these circumstances, the wife's note should not be treated as one given for her husband's debt, but was in its essence a note given for her own debt incurred in the purchase of the land.

May 4, 1896. Argued at the last term.

Complaint for land. Before Judge Reese. Madison superior court. March term, 1895.

*John J. Strickland*, for plaintiff in error.
*T. S. Mell* and *E. T. Brown*, contra.

SIMMONS, Chief Justice.

Strickland was the owner of one hundred acres of land, and being indebted to Gray upon a promissory note for $350, it was arranged between them and Mrs. Strickland, the debtor's wife, that he should sell and convey the land to her for $450, that she should pay $100 of this amount in cash and should give her note for the remainder to Gray, who should surrender Strickland's note; and that as security for her note to Gray she should execute a conveyance of the land to him, taking a bond from him to reconvey upon the payment of her note. This arrangement was carried out, but Mrs. Strickland failed to pay her note, and Gray brought an action against her to recover the land. The defense set up by Mrs. Strickland was, that the note was given for a debt of her husband, and that the deed to secure the same was therefore void. Upon the trial of the case the facts above stated appeared in evidence. It further appeared that the land was worth the amount she agreed to pay for it. There was a verdict for the plaintiff, and the defendant's motion for a new trial being overruled, she excepted.

Under the evidence there was no merit in the defense set up by Mrs. Strickland. If the sale was merely colorable and part of a scheme to make the wife pay out of her separate estate a debt of the husband, the contract would be void (Code, §1783); but so far as appears, the transaction on her part, although it involved the payment of a debt of her husband, was a *bona fide* purchase of the land for her own benefit; and such being the case, the fact that part of the purchase money was to be applied to the payment of her husband's debt did not vitiate her contract to pay for

what she had bought. The debt for which she had given her note was as much her own debt as if she had bought the land without any previous understanding with Gray, giving her note for the purchase money to her husband directly, and he had subsequently transferred it to Gray in payment of his own debt. See in this connection the case of *Daniel* v. *Royce*, 96 *Ga.* 566.

The court did not err in refusing a new trial.

*Judgment affirmed.*