## BROWN *v.* DRAKE, receiver.

1. The authority of the receiver to prosecute the action in the place of the original plaintiff was sufficiently shown.
2. The pleas filed by the defendant set up matters which, if proved by competent evidence, would have been a good defense to the action, and therefore should not have been stricken on general demurrer.

Submitted April 15, — Decided May 7, 1897.

Appeal.    Before Judge Janes.    Haralson superior court. July term, 1896.

*Price Edwards*, for plaintiff in error.

LUMPKIN, P. J.    As originally instituted, this was a suit in a justice's court, brought by the Farmers' Co-operative Manufacturing Company against W. J. Brown as maker of a promissory note for $100, bearing interest from maturity, in which it was recited that this amount was the maker's "subscription to the stock, at par, of said Farmers' Co-operative Manufacturing Company."    The case was appealed to the superior court, and in that court the action was prosecuted by R. H. Drake, as the duly appointed receiver of that company.

1. As evidence of his right to prosecute this suit, Drake introduced a certified copy of an order of Spalding superior court, dated December 20, 1892, which was passed after the action was commenced in the justice's court, appointing him receiver

for the Farmers' Co-operative Manufacturing Company ; a certified copy of his bond as such ; and a certified copy of an order of Spalding superior court, dated March 3, 1893, authorizing him as such receiver to institute suits for the purpose of collecting claims due the company. It was insisted before this court that he should have gone further and shown that there was a legal necessity for his appointment ; that merely proving his appointment by a court of competent jurisdiction would not suffice ; but that it was incumbent upon him to show he "was appointed at the instance of creditors of the company, and that it was necessary to collect the subscriptions to stock in order to pay the debts of the company." We do not think this point was well taken. With the legal necessity for the appointment of a receiver, the defendant had no concern. If, as was affirmatively shown, the receiver was appointed by a court of competent jurisdiction and was authorized to collect claims due the company, the result of the suit would operate as an effectual bar to any future action which might be brought by the company in its own behalf or at the instance of creditors. To whatever rights either had in the premises, the receiver succeeded ; and the defendant could not defend the action on the technical ground that his appointment was ill-advised and unnecessary, even were this true in point of fact.

2. The defendant pleaded not indebted ; that the company had agreed to guarantee a dividend of 25 per cent. on the stock, which had never been paid, and had further agreed to cancel the note sued on, if defendant notified the company before the note matured of his election not to take stock in the enterprise, which he did, and no certificate of stock was ever issued to him ; that "said note was obtained through fraud and misrepresentations," and there had been a total failure of consideration, etc., etc. He also set up an agreement between himself and the company, under the terms of which the latter was to furnish him cottonseed meal and hulls in exchange for cottonseed, and to sell him farm-fertilizers, at a named price, with a view to his establishing an agency and making a profit thereon, which agreement was the real consideration of the note sued on, but with which the company had refused to com-

ply, and he had in consequence sustained loss. The pleas of the defendant setting up these various grounds of defense were stricken by the court, to which action exception is taken ; and complaint is also made that the court refused to allow him to file a plea alleging that "the note sued on was given without any consideration whatever."

It may be that the trial judge proceeded upon the idea that the defendant, in so far as he alleged that his promise was conditional only and founded upon a consideration different from that recited in the note, was attempting to engraft upon a written contract stipulations not therein expressed, and thus to vary its terms by parol. This the defendant would not, of course, be permitted to do. *Wyche* v. *Winship*, 13 *Ga.* 208 ; *Griswold* v. *Scott*, Ibid. 210 ; *Pitts* v. *Allen*, 72 *Ga.* 69 ; *Allen* v. *Young*, 62 *Ga.* 617, followed in *Patterson* v. *Ramspeck & Green*, 81 *Ga.* 808. But it can not be arbitrarily assumed that such was the defendant's purpose, or that he would have been unable to establish his defenses by competent written evidence. As he alleged in his pleas matters which, if sustained by such proof, would constitute a good defense to the action, and it does not appear from the pleas themselves that he depended for their establishment upon parol evidence, they should not have been stricken. However grave a doubt may be entertained as to the ability of a party to prove by competent evidence what he alleges, he should not be summarily cut off from an opportunity to do so. The probability or improbability of his being able to legally prove his case or defense as laid can not serve as a test for determining the legal sufficiency of his pleadings.

*Judgment reversed. All the Justices concurring.*