## HAWKINS *et al. v.* COLLIER.

1. Although a promissory note recites a consideration, it is the right of the maker, when sued thereon by the payee, to prove by parol that there was really no consideration at all, and any facts pertinent to an issue thus arising are relevant.
2. The defendant in a distress warrant may, in his counter-affidavit, not only deny any indebtedness for rent or otherwise, but may also set forth special matters of defense showing, by way of amplification and explanation, how and why the general denial is true. With or without such special allegations, it is the right of the defendant to support his defense by competent evidence.
3. The defendant in such a case is not, however, entitled to have another person made a party and invoke in his behalf equitable relief as to matters in which the defendant is in no way concerned.

Argued April 16, — Decided May 7, 1897.

Distress warrant. Before Judge Beck. Pike superior court: March term, 1896.

*J. S. Boynton* and *J. J. Rogers*, for plaintiff in error.
*S. N. Woodward*, contra.

LUMPKIN, P. J. A distress warrant was sued out by J. C. Collier against Mittie Hawkins, for $170.00 alleged to be due by her for the rent of a farm, to which she interposed a counter-affidavit denying that she was indebted to him for rent or otherwise in any amount at the time the warrant was issued. By way of special defense she alleged, that "the note upon which said plaintiff claims that said rent was due and owing to him by her was given under the following circumstances,

and is without consideration, and was obtained through fraud, and is therefore void : In the early part of 1895, the husband of this defendant, Anderson Hawkins, was indebted to said Collier to the amount of $33.00 for the unpaid balance of an account due him for 1894," and the latter,. becoming " uneasy and fearing that he would lose the balance of the account due him by said Anderson Hawkins, came to the said Anderson Hawkins and this defendant, and told him that if he, said Anderson Hawkins, would make him a deed to the 100 acres of land, that he, said Collier, would rent it to defendant, said Mittie Hawkins, who was the wife of said Anderson H., for the year 1895, and would furnish them such provisions and supplies as they might need to enable them to make their crops for that year, and in the fall of the year they, defendant and said Anderson, could pay him, said Collier, what he had advanced to them, and the balance of the account due him by said Anderson on the account for· 1894, as that was all he wanted them to do, and that they could have the balance of their crops to do as they pleased with, and that in this way they might be able to redeem their land and keep it from selling." Accordingly, " she and her husband, Anderson Hawkins, relying on these representations and promises made them by the said J. C. Collier, and believing that they could, by working hard and making a good crop, pay Mr. Collier all they might owe him on said old account and for supplies to be furnished them," accepted the proposal made to them by Collier, and, " upon these conditions and promises, the said Anderson Hawkins made and executed to the said Collier a deed to the 100 acres of land, and transferred to him the bond for title that he held from W. C. Jenkins to 50 acres more, so that the whole might be put in and included in said arrangement to secure Mr. Collier what they might owe him ; and thereupon, this defendant, Mittie Hawkins, as a part of the scheme and arrangement to secure said Collier the amounts past due and to become due to him during the year 1895, made and executed to the said J. C. Collier the notes which are the foundation of said distress warrant and upon which said J. C. Collier is claiming that this defendant owes him for rents. . . Anderson Haw-

kins was in possession of said lands at the time said arrangement was made, and it was known to and understood by said Collier that he, Anderson Hawkins, was to remain in possession thereof, and that he did retain possession, and never at any time during the year did he go out of possession thereof, nor recognize the possession of either J. C. Collier or Mittie Hawkins." The defendant further alleged that the plaintiff had been fully paid "for all that she and her husband, Anderson Hawkins, owed him for supplies and advancements made them for 1895, and the old account of Anderson Hawkins for 1894, and was not indebted to him in any sum when said distress warrant was sued out."

On demurrer the plea setting up the defense above recited was stricken, and the court refused to allow the defendant to introduce any evidence to prove the facts therein alleged. The grounds upon which the plaintiff based his demurrer were, (1) that the defendant was attempting "to set up the fact that the rent contract entered into by plaintiff and defendant was a part of a fraudulent arrangement or contract participated in by both parties"; (2) that she was seeking "to engraft parol stipulations on a written contract, totally at variance with the terms thereof"; and (3) that the defense interposed was "an effort by the defendant to dispute her landlord's title." The first of these objections is obviously not well founded, there being nothing in the defendant's plea to indicate that she was undertaking to repudiate any "fraudulent arrangement or contract participated in by both parties," and consequently her right so to do is not involved, and need not be discussed. The second and third grounds were doubtless predicated upon the fact that the note upon which the distress warrant was based recited on its face that it was given "for rent of 150 acres land in 533rd dist. G. M. said Co. of Pike for the year 1895." These latter grounds will therefore be considered together.

1. It is unquestionably true that where a promissory note recites the consideration upon which the promise therein contained is based, the maker can not, in order to support a plea of failure of consideration, prove by parol that his promise was founded upon a consideration different from that expressed in

the instrument itself. *Wyche* v. *Winship*, 13 *Ga.* 208; *Griswold* v. *Scott*, Ibid. 210; *Pitts* v. *Allen*, 72 *Ga.* 69. It by no means follows, however, that he is not at liberty to show that his promise, as therein recited, was in point of fact *without any* legal consideration. "The law presumes a consideration in case of commercial paper, and this presumption applies equally to all negotiable bills of exchange, notes, checks and other instruments," so it "is therefore unnecessary either to aver or prove a consideration in the first instance for such an instrument." 2 Rand. Com. Paper, § 563. Where the instrument · has not found its way into the hands of an innocent purchaser, but is being enforced by the payee, this "presumption of consideration may, however, be rebutted, and parol evidence is admissible for this purpose." Ibid. § 565.

It was competent for the defendant to plead, and to prove by the testimony of herself and her husband, that Collier did not really own the land which he claims to have rented to her, had no control over the same, was not entitled to the possession thereof, had no right to rent it, never even attempted to deliver possession to her, and did not in fact ever become her landlord, or part with anything of value in consideration of her executing the note in question. Had she in fact become his tenant and entered into possession of the land as such, she would not, of course, be permitted to bring into issue his title in defense to a suit by him for rent. Such, however, taking as true what she alleges, was not the case.

2. In defense to the action it was not necessary for the defendant, by way of pleading, to have gone further than simply to allege in her counter-affidavit that "the sum distrained for was not due." *Anders* v. *Blount*, 67 *Ga.* 41. Such a denial would have fully met the requirements of the statute. *Girtman* v. *Stanford*, 68 *Ga.* 178. And, without formally pleading the matters set up in her special pleas filed in connection with such general denial, it was her undoubted right to introduce any evidence which was competent and relevant in support of the defense relied upon. *Johnston* v. *Patterson*, 86 *Ga.* 725, 728. It was her privilege, however, by way of amplification and explanation, to specially allege any pertinent facts

showing that, as sworn to in her counter-affidavit, no rent was due. Indeed, such a practice is to be encouraged, as it tends to facilitate the administration of justice by more clearly and accurately presenting the issues to be passed upon.

3. The defendant also presented an application to have her husband, Anderson Hawkins, made a party to the case, on the ground that, as shown by the facts alleged in her special pleas, he was "the real party at interest in said proceeding under and by virtue of said agreement made with the said J. C. Collier," and was desirous of becoming a party. In this application to the court her husband joined, and they prayed that the deed to Collier be canceled, that he be required to surrender the bond for titles transferred to him, and that the note given to him by the defendant be also surrendered to her and canceled. Complaint is made that the court refused this application, and declined to pass upon the matters thus sought to be brought into the trial of the case. We think this ruling was eminently right and proper. Anderson Hawkins was not a necessary party, nor was the defendant entitled to invoke in his behalf the equitable relief prayed. Neither was it essential to her defense of the suit then under investigation that her note to Collier be brought into court and canceled. It was shown on the trial that this note had been lost or destroyed. But even if this had not appeared, it is not clear upon what principle of equity she could claim the right to have this instrument surrendered to her. In the first place, she had voluntarily given it to Collier, and he was entitled to its possession, however worthless it might be as an obligation binding upon her. Being past due, the note could not possibly reach the hands of an innocent purchaser, so she could not suffer any liability if it got into the possession of a stranger.

As to the complaint of Anderson Hawkins, who appears before this court as a plaintiff in error, excepting to the refusal of the trial judge to allow him to become a party to the case in the court below and urge his right to the relief prayed, it is clear that no error was committed. He was not even a proper party, and had no right to come in and convert the plaintiff's suit into an equitable proceeding in order to get the benefit of

the affirmative relief he sought.   In no way could Anderson Hawkins be affected by the result of the suit instituted against his wife, nor would she be a necessary or proper party to a proceeding by him against Collier to force the latter to surrender the muniments of title now held by him.   It is obvious that Anderson Hawkins, in order to accomplish what he seeks, must bring an independent action, and battle single-handed with his adversary.

*Judgment reversed.    All the Justices concurring.*