## BROWN *v.* DRAKE, receiver.

1. A contract by a manufacturing corporation to deliver to an individual its products at specified prices and to purchase from him designated agricultural products at so much per bushel, it being in contemplation that he would sell the former at an advance and purchase the latter for less than he was to receive therefor, but which designated no quantity either of the manufactured goods or of the agricultural products, was not broken until the individual ordered goods of the corporation or offered products to it and it thereupon failed to comply with the terms of its agreement.

2. The evidence introduced to sustain the plea failed to establish the allegations thereof, and consequently the court did not err in directing a verdict against the defendant, the plaintiff having made out a prima facie case.

Argued October 9, — Decided November 1, 1899.

Complaint. Before Judge Janes. Haralson superior court. July term, 1899.

*Price Edwards,* for plaintiff in error.

*W. F. Brown* and *E. S. & G. D. Griffith,* contra.

COBB, J. When this case was here before (101 *Ga.* 130), it was held that the pleas filed by the defendant set up matters which, if established by competent evidence, constituted a good defense to the action, and it was therefore erroneous to strike such pleas on general demurrer. Upon the trial the only evidence offered was in support of that plea which alleged an agreement between the defendant and the company of which the plaintiff was receiver, under the terms of which the company was to furnish him cottonseed meal and hulls in exchange for cotton-

seed and to sell him farm fertilizers at a given price, which it
is alleged the company failed to do.   While there was evidence
of a written agreement to this effect, there was no evidence
whatever showing that there had been a failure by the com-
pany to furnish to the defendant, upon request, any of the arti-
cles specified in the agreement, or that it had refused to accept
from him when tendered any of the articles which it had agreed
to buy.   Treating the plea as setting up a valid defense to the
action (and for the purposes of this case it must be so treated),
the evidence failed to support the allegations of the same ; and,
there being no evidence offered to establish any of the other
pleas, the court did not err in directing the jury to return a ver-
dict in favor of the plaintiff.

*Judgment affirmed.   All the Justices concurring.*