*Charles H. Hall,* for plaintiff in error.

*Hardeman, Jones, Park & Johnston, Harry S. Strozier,* contra.

---

9124.   SIMMONS *v.* INTERNATIONAL HARVESTER COMPANY OF AMERICA.

JENKINS, J. 1. The motion to dismiss the bill of exceptions upon the ground of its alleged omission to assign error upon the final judgment is without merit. *Lyndon* v. *Georgia Ry. & El. Co.,* 129 *Ga.* 353 (58 S. E. 1047) ; *Tinsley* v. *Gullett Gin Co.,* 21 *Ga. App.* 512 (94 S. E. 892).

2. While parol testimony is generally not admissible to contradict or vary the terms of a valid written instrument (Civil Code of 1910, § 5788), still, as between the original parties, the consideration of a contract is ordinarily open to inquiry. And even though a consideration be expressed in the instrument itself, if it be by way of recital only, and not in such way as to constitute it a part of the terms and conditions of the contract, it is still permissible to show by parol that the true consideration of the agreement was in fact different from the one thus stated merely by way of recital. *Anderson* v. *Brown,* 72 *Ga.* 713; *Burke* v. *Napier,* 106 *Ga.* 327 (32 S. E. 132); *Camp* v. *Matthews,* 143

*Ga.* 393 (85 S. E. 196). But the terms and conditions of a contract can not be altered under the guise of inquiring into its consideration; and where proof of a different consideration from the one expressed would have the effect of altering the terms and conditions imposed by the instrument, it is not permissible to set up by parol another and different consideration for the purpose of showing a failure of the latter. *Atkinson* v. *Lanier*, 69 *Ga.* 460 (2); *Wellmaker* v. *Wheatley*, 123 *Ga.* 201 (51 S. E. 436); *Goette* v. *Sutton*, 128 *Ga.* 179, 180 (3) (57 S. E. 308); *Coldwell Co.* v. *Cowart*, 138 *Ga.* 233, 236 (75 S. E. 425); *Thrower* v. *Baker*, 144 *Ga.* 372, 374 (87 S. E. 301); 6 Am. & Eng. Enc. Law, 775 (b).

3. In the notes sued on, assuming that the consideration is so expressed as to constitute it the necessary basis of other stipulations therein contained, and thus creating and attesting rights affecting the terms and conditions of the obligation, it would not be subject to contradiction by extrinsic evidence setting up a new and distinct consideration for the purpose of showing the failure of the latter. But while this is true, it is altogether a different thing to show that the note sued on was in fact without legal consideration of any kind, and that the actual basis of the undertaking was wholly illegal and the resultant promise absolutely void. *Hawkins* v. *Collier*, 101 *Ga.* 145 (1), 147 (28 S. E. 632).

4. Under our law a married woman can not assume the debt of her husband (Civil Code of 1910, § 3007), and no superficial appearance will be permitted to lead the court away from the true inwardness of the transaction. *Bank of Eufaula* v. *Johnson*, 146 *Ga.* 791 (92 S. E. 631). Thus, if the wife did not in fact purchase and was not to receive the machinery under the contract sued on, but the whole transaction was merely a colorable scheme or device by which the wife was induced by the plaintiff to assume the previous debt of the husband, without any consideration flowing to her, she would have the right to repudiate the entire illegal and void transaction, no matter by what device its true inwardness and purpose had been concealed. Civil Code (1910), § 5790; *Purcell* v. *Armour Packing Co.*, 4 *Ga. App.* 253, 256 (61 S. E. 138). The plea in this case alleges that the machinery described in the notes sued on had been previously sold to the husband. The plea states that these notes, signed by the wife, were given "in settlement" of the notes and debt thus owing to plaintiff by the husband for his purchase of said property; it denies that they were given for the purchase of said property by her, and alleges that they were given without any consideration other than the illegal assumption of her husband's debt. Under the rules stated, it was error to strike the plea on demurrer.

5. Had the intendment and effect of the plea been merely to set up that the wife had taken over the purchase of certain personal property previously contracted for by the husband, without showing that she was induced to do so by the fraud of the seller, or of the husband, of which the seller had notice, the rule would be different. Where a wife enters into an unambiguous written contract whereby she is to become the owner of certain personal property, and agrees to pay a stipulated price therefor, she is bound by her obligation as purchaser, if the seller

committed no fraud upon her nor knew of any committed by the husband, notwithstanding that by reason of the purchase an indebtedness of the husband, based upon a prior sale of the same property to him, was to be canceled. Where the purpose and effect of the contract is that the wife shall pay only for what she bought, the debt is as much her own as if there had been no previous sale of the property to her husband. *Bateman* v. *Cherokee Fertilizer Co.*, 21 *Ga. App.* 158 (93 S. E. 1021); *Hull* v. *Sullivan*, 63 *Ga.* 127; *Strickland* v. *Gray*, 98 *Ga.* 667 (27 S. E. 155).

         *Judgment reversed. Wade, C. J., and Luke, J., concur.*
         DECIDED MAY 16, 1918.

Complaint; from city court of Statesboro—Hinton Booth, judge pro hac vice. July 10, 1917.

*Deal & Renfroe,* for plaintiff in error.

*Francis B. Hunter, J. J. E. Anderson,* contra.