22645. PHILLIPS *et al. v.* PHILLIPS.

JENKINS, P. J. 1. While parol testimony is generally not admissible to contradict or vary the terms of a valid written instrument (Civil Code of 1910, § 5788), still, as between the original parties, the consideration of a contract is ordinarily open to inquiry. And even though the consideration be expressed in the instrument itself, if it be by way of recital only, and not in such a way as to constitute it ·a part of the terms and conditions of the contract, it is still permissible to show by parol that the true consideration of the agreement was different from the one thus stated merely by way of recital, and that such different consideration has failed. *Ramsey-Fender Motor Co. v. Chapman,* 46 *Ga. App.* 385 (168 S. E. 92), and cit.

2. It is also the rule that it is never allowable, under the guise of inquiring into the consideration, to vary or contradict by parol the written terms of the promise itself. Thus, if the thing proved attaches a condition to the note, as that in a certain event it is not to be paid, or is to be paid at a different time from the time stated, or is not to be paid in money, then parol evidence is inadmissible. *Ramsey-Fender Motor Co. v. Chapman,* supra, and cit.

3. It is always permissible, however, to show that the obligation is without consideration and is in fact a nudum pactum. *Hawkins* v. *Collier,* 101 *Ga.* 145 (28 S. E. 632).

4. In the instant case the consideration was expressed merely as "for value received," and it was therefore proper for the defendants to plead and prove a new and different consideration in order to show that such new and true consideration had in fact failed. One of the signers of the note pleaded that she signed it, with the other maker, not as an obligation on her part to pay, but as a method of waiving her lien as landlord against the other maker, her tenant, in order that her tenant might borrow the money from the plaintiff payee for the purpose of making a crop on the defendant's land. Under the rule stated above in paragraph 2, it was not permissible to thus seek to vary the terms of her unconditional promise to pay. *Hirsch* v. *Oliver,* 91 *Ga.* 554 (2) (18 S. E. 354). Nor can it be said that her plea comes within the terms of the 3d division of the syllabus, since the note, even as to her, was not without a valid and valuable consideration.

5. The balance due on the mortgage note, for which the judge directed a verdict in favor of the plaintiff against both defendants, was not contradicted by the evidence. The payment claimed by the tenant maker to have been made by him, and the credit derived from the proceeds of sale of crops under a previous mortgage foreclosure, were allowed, except that

the undisputed amount for costs had been deducted by the sheriff before making the credit.

6. The judgment for attorney's fees was erroneous. The defendant denied receiving the notice of suit, claiming attorney's fees as prescribed by the statute; and plaintiff's counsel waived in open court any such claim.

7. According to the foregoing rulings, the judgment for the plaintiff against the two defendants is affirmed on condition that the plaintiff write off the recovery as to attorney's fees at the time the remittitur is made the judgment of the court below; otherwise the judgment will be reversed.

*Judgment affirmed on condition. Stephens and Sutton, JJ., concur.*

DECIDED MAY 13, 1933.

*W. I. Geer,* for plaintiffs in error. *P. Z. Geer,* contra.