28420. PIERCE *v.* CHEVES-GREEN & COMPANY *et al.*

DECIDED NOVEMBER 14, 1940. REHEARING DENIED DECEMBER 19, 1940.

*Howard, Henson & Howard,* for plaintiff.

*William H. Mewbourne, Robert Lee Avary, Jr.,* for defendants.

FELTON, J. (After stating the foregoing facts.) 1. It was error for the court to sustain the general demurrers and dismiss the petition as to Cheves-Green & Company as to the sum collected from the warrant for the amount of $1705.85 which Cheves-Green & Company collected and agreed to hold as agent for petitioner, under the allegations of the petition. The petition shows that $580.57 (possibly less a discount) was to be held as petitioner's property, and it is alleged that that sum, less $74.44, was converted and applied to her husband's loan. The petition does not show that Cheves-Green & Company Inc. was authorized to so apply that sum. The action as to this sum was not barred by the statute of limitations.

2. The petition does not set forth a cause of action for the other sums sued for. It shows that Cheves-Green & Company Inc. was authorized to apply the proceeds of one warrant, to the extent of $1125.28, and the whole of another for $541.06, to the payment of the obligations of the husband of petitioner, for the reason that the allegations show that the two transactions were loans' by the petitioner to her husband and his mother, secured by second and third security deeds to their property. There is no inhibition against a loan by a wife to a husband even for the purpose of paying a debt. According to the agreement set out in the amendment only a part of the proceeds of the warrant was to be held in escrow for petitioner. The remainder was to be held absolutely by Cheves-Green & Company as the property of G. T. and Mrs. L. M. Pierce. Presumably this was also true of the smaller warrant. It was not alleged in the petition that petitioner did not accept the second and third security deeds as a consideration for the loan of the proceeds of the warrant, or that she was laboring under any disability, or that the equity of redemption of the owners of the property was worth less than the amounts loaned. On the contrary the petition alleges that the property sold for less than the original loan when it was worth $22,000, the effect being that the equity was worth much more than the amounts of the warrants loaned. The only fraud sought to be alleged is that the loans were a scheme to have the wife pay her husband's debt, but that which she had a right to do can not be in law a scheme if a valid

consideration flowed to the wife and there was no legal inhibition otherwise. *Strickland* v. *Gray*, 98 *Ga.* 667 (27 S. E. 155); *Bell* v. *Stewart*, 98 *Ga.* 669 (27 S. E. 153); *Bateman* v. *Cherokee Fertilizer Co.*, 21 *Ga. App.* 158 (93 S. E. 1021); *Simmons* v. *International Harvester Co.*, 22 *Ga. App.* 358 (5) (96 S. E. 9); *Thompson* v. *Wright*, 182 *Ga.* 380 (185 S. E. 341).

3. No cause of action was set forth as to National Life & Accident Insurance Company for the reason that there are no facts alleged upon which to predicate a conclusion that in the transactions related in the petition Cheves-Green & Company Inc. acted as agent for the insurance company. While it was alleged that the insurance company sometimes purchased first-mortgage purchase-money notes from Cheves-Green & Company Inc., it was not alleged that the insurance company bought the notes and deed executed by G. T. Pierce and Mrs. L. M. Pierce.

The court erred in sustaining the general demurrer and dismissing the petition as to Cheves-Green & Company Inc., but did not err in so doing as to National Life & Accident Insurance Company.

*Judgment affirmed in part and reversed in part. Stephens, P. J., and Sutton, J., concur.*