The court erred in sustaining the general demurrer and dismissing the action as to Cheves-Green Company Inc., but did not err in so ruling as to National Life Accident Insurance Company.
 DECIDED NOVEMBER 14, 1940. REHEARING DENIED DECEMBER 19, 1940.
Mrs. Rita L. Pierce sued Cheves-Green Company Inc. and National Life Accident Insurance Company to recover damages for the alleged conversion of certain county warrants alleged to have been illegally applied to the payment of joint debts of G. T. Pierce, petitioner's husband, and his mother, Mrs. L. M. Pierce. The petition as amended was dismissed on demurrer and the plaintiff excepted. The petition as amended alleged substantially the following: that the insurance company sometimes purchases first-mortgage purchase-money notes secured by deed to secure debt from Cheves-Green Company Inc., who hold said notes for collection; that petitioner's husband, G. T. Pierce, and his mother, were jointly and severally indebted to Cheves-Green Company Inc. in the amount of $10,000 principal, besides interest and some taxes; that Cheves-Green Company Inc. learned that petitioner had a Fulton County warrant for $1705.85, and knowing that G. T. Pierce was her husband induced her by threats of foreclosure and promises of further extensions to indorse the warrant for collection, *Page 132 
and contrived to have her make this indorsement by having her accept a second deed to secure debt on the property on which the insurance company held the first deed from G. T. Pierce and his mother, and a promissory note for $1500; that petitioner signed the following receipt which she signed without reading when urged to do so: "Received of G. T. Pierce and Mrs. L. M. Pierce loan deed in the amount of $1500, together with note for that amount, dated May 22, 1933, and due May 22, 1936. I have deposited in escrow with Cheves-Green Company Inc. Fulton County warrant No. 44773 for the sum of $1705.86, this warrant to be held by them pending litigation now in the courts against Fulton County. As soon as the same is settled, this warrant will be cashed, or converted into two warrants, and $1125.25 of this warrant will be paid to G. T. Pierce and Mrs. L. M. Pierce, or a new warrant issued for that amount and indorsed to them. Said sum of $1125.28, together with $374.72 of money already advanced by me to them in connection with this property, will be in full consideration of the $1500 loan deed this day signed by said G. T. Pierce and Mrs. L. M. Pierce. [Signed] Mrs. Rita L. Pierce;" that the $1500 recited as a consideration for the second security deed did not represent a loan for that amount but represented a loan of $374.72 cash and a $1125.25 interest in the county warrant: that later Cheves-Green Company Inc., knowing that petitioner had another warrant for the sum of $541.06, procured its proceeds by the same procedure, having Dr. Pierce and his mother execute a third security deed to secure her, but that petitioner did not understand or know about the third mortgage or loan deed; that petitioner is entitled to recover the proceeds of the first warrant, $1705.85, less a credit of $74.44, represented by a check sent to her by Cheves-Green Company Inc., and is entitled to recover $541.06, the proceeds of the second warrant; that Cheves-Green Company Inc. sold the property of G. T. Pierce and Mrs. L. M. Pierce under the power of sale in the first security deed and became the purchaser at a price less than the original loan, though the property was really worth $22,000; that Mrs. L. M. Pierce and G. T. Pierce are now insolvent.
By amendment petitioner added the following: "Your petitioner shows that it was the purpose and intention of all the parties to these transactions that the defendant Cheves-Green Company *Page 133 
Inc. was to be the escrow agent of your petitioner, and was to hold the county warrants as collateral to indemnify them against any advances they may make for taxes and insurance, and to protect them against any other default by petitioner's husband, and your petitioner shows that the actual payments of the money were not made to said defendant until the county warrants were cashed, which was on March 10, 1934. Your petitioner shows that the making of the loan deeds as previously set out were only a subterfuge and device to conceal the fact that said defendant was forcing your petitioner to pay money on the debts of her husband, which said defendant knew was illegal." It was also alleged by amendment that there was no consideration moving to petitioner other than an attempt to pay her husband's debt, and that no funds were realized or contemplated out of the second and third security deeds given petitioner by her husband and Mrs. L. M. Pierce.
By another amendment the petitioner set forth an agreement, by the terms of which she alleged that no transfer of title of the larger county warrant was contemplated, but that it was to be held in escrow pending the happening of some future event, and that defendants never at any time exercised any act of ownership or control over the warrants or the proceeds thereof until they collected them on March 10, 1934, and converted the proceeds to their own use. The agreement is as follows: "This agreement entered into this 22nd day of May, 1933 between G. T. Pierce and Mrs. L. M. Pierce, parties of the first part, and Cheves-Green Company Inc., as agents of the National Life Accident Insurance Co., party of the second part, witnesseth, that whereas the National Life Accident Insurance Company holds a first mortgage on the property belonging to the said G. T. Pierce and Mrs. L. M. Pierce located at No. 790-792 Marietta St., N.W., and whereas there are defaults in connection with same amounting to $500 principal, due August 1, 1932, and interest coupon of $292.50 due February 1, 1933; also, tax deed covering the 1931 city taxes and fi. fa. covering 1931 State and county tax, and fi. fa. covering 1932 city tax; and whereas, Mrs. G. T. Pierce (Mrs. Rita L. Pierce) is the owner of a warrant issued by Fulton County, No. 44773, payable to her order, for $1705.85; and whereas, she has this day made to G. T. Pierce, her husband, and Mrs. L. M. Pierce, mortgage on said property located at 790-792 Marietta St., N.W., in *Page 134 
the amount of $1500 and the consideration of this loan is $374.72 money previously advanced by her on said property and $1125.28, which is represented by that amount of interest in the above-mentioned county warrant; said county warrant to be held by Cheves-Green Company Inc., until the present litigation against Fulton County is disposed of, at which time the warrant, unless paid by the county, will be redrawn by the county and two warrants issued, one for $1125.28 and one for $580.57, the warrant for $1125.28 at that time to be indorsed and delivered to G. T. Pierce and Mrs. L. M. Pierce in connection with the loan this day made. Said Cheves-Green Company Inc. hereby agree to take the above mentioned county warrant for $1705.85 and hold the same in connection with the above-described defaults in connection with the first loan until said warrant is paid by the county, or sold, and converted into cash, at which time the above defaults in connection with the loan will be refigured as of that date and the money secured from the county warrant will be applied on these defaults, the difference, if any, to be settled at that time in cash. Said warrant is to be held by Cheves-Green 
Company Inc. as agent for G. T. Pierce and Mrs. L. M. Pierce for the $1125.28 due them as consideration of the loan this day given Mrs. Rita L. Pierce, and also, as agent for Mrs. Rita L. Pierce for the $580.57 due her out of said warrant, being the difference between the amount of consideration of the loan this day made G. T. Pierce and Mrs. L. M. Pierce. Cheves-Green Company Inc. further agree to hold this warrant until July 15, 1933, in order to see if the same will be paid by the county. After that date said warrant can be sold by them after first consulting the said G. T. Pierce and Mrs. L. M. Pierce, at a discount not to exceed six per cent. [Signed] G. T. Pierce, Mrs. L. M. Pierce. Cheves-Green Company Inc., by Alfred Green, vice-president."
The original petition alleged that the defendants collected the county warrants and applied the proceeds on December 13, 1933. This allegation was stricken by amendment, and as above stated it was alleged that the collection and conversion took place on March 10, 1934. Suit was instituted within four years from March 10, 1934. General and special demurrers were filed and renewed to the petition as several times amended. The general demurrer was sustained, the petition dismissed, and the plaintiff excepted. *Page 135 
1. It was error for the court to sustain the general demurrers and dismiss the petition as to Cheves-Green Company as to the sum collected from the warrant for the amount of $1705.85 which Cheves-Green Company collected and agreed to hold as agent for petitioner, under the allegations of the petition. The petition shows that $580.57 (possibly less a discount) was to be held as petitioner's property, and it is alleged that that sum, less $74.44, was converted and applied to her husband's loan. The petition does not show that Cheves-Green Company Inc. was authorized to so apply that sum. The action as to this sum was not barred by the statute of limitations.
2. The petition does not set forth a cause of action for the other sums sued for. It shows that Cheves-Green Company Inc. was authorized to apply the proceeds of one warrant, to the extent of $1125.28, and the whole of another for $541.06, to the payment of the obligations of the husband of petitioner, for the reason that the allegations show that the two transactions were loans by the petitioner to her husband and his mother, secured by second and third security deeds to their property. There is no inhibition against a loan by a wife to a husband even for the purpose of paying a debt. According to the agreement set out in the amendment only a part of the proceeds of the warrant was to be held in escrow for petitioner. The remainder was to be held absolutely by Cheves-Green Company as the property of G. T. and Mrs. L. M. Pierce. Presumably this was also true of the smaller warrant. It was not alleged in the petition that petitioner did not accept the second and third security deeds as a consideration for the loan of the proceeds of the warrant, or that she was laboring under any disability, or that the equity of redemption of the owners of the property was worth less than the amounts loaned. On the contrary the petition alleges that the property sold for less than the original loan when it was worth $22,000, the effect being that the equity was worth much more than the amounts of the warrants loaned. The only fraud sought to be alleged is that the loans were a scheme to have the wife pay her husband's debt, but that which she had a right to do can not be in law a scheme if a valid *Page 136 
consideration flowed to the wife and there was no legal inhibition otherwise. Strickland v. Gray, 98 Ga. 667 (27 S.E. 155); Bell v.Stewart, 98 Ga. 669 (27 S.E. 153); Bateman v. Cherokee Fertilizer Co.,21 Ga. App. 158 (93 S.E. 1021); Simmons v. International HarvesterCo., 22 Ga. App. 358 (5) (96 S.E. 9); Thompson v. Wright, 182 Ga. 380
(185 S.E. 341).
3. No cause of action was set forth as to National Life Accident Insurance Company for the reason that there are no facts alleged upon which to predicate a conclusion that in the transactions related in the petition Cheves-Green Company Inc. acted as agent for the insurance company. While it was alleged that the insurance company sometimes purchased first-mortgage purchase-money notes from Cheves-Green Company Inc., it was not alleged that the insurance company bought the notes and deed executed by G. T. Pierce and Mrs. L. M. Pierce.
The court erred in sustaining the general demurrer and dismissing the petition as to Cheves-Green Company Inc., but did not err in so doing as to National Life Accident Insurance Company.
Judgment affirmed in part and reversed in part. Stephens, P. J., andSutton, J., concur.