THOMAS J. BOYNTON, plaintiff in error, *vs.* PETER W. TWITTY *et al.*, administrators, defendants in error.

On the trial of an issue formed in answer to a rule *nisi* to foreclose a mortgage, the defendant set up that the note, to secure which the mortgage was given, was made and secured, not for any consideration then passing or existing, but to indemnify and secure the plaintiff to the amount of the note against loss in a certain partnership business etc., and that he had suffered no loss:

*Held*, that as the note did not express any specific consideration, but was only for value received, it was competent for the defendant to show by parol what was the real consideration, and that no loss had come to the plaintiff as contemplated.

Evidence.   Promissory notes.   Before Judge KIDDOO. Dougherty Superior Court.   April Adjourned Term, 1874.

On February 11th, 1869, Peter W. Twitty and B. F. Cochran, as administrators upon the estate ot John M. Coch-

Boynton *vs.* Twitty *et al.*

ran, deceased, instituted proceedings against Thomas J. Boynton to foreclose a mortgage on certain property, executed by him on October 3d, 1859, to secure the payment of two promissory notes, one dated December 9th, 1857, payable one day after date to John M. Cochran or bearer, for $2,300 00, with credits thereon amounting to $708 16 ; the other dated June 26th, 1858, payable as the first, for $1,800 00, "value received."

The defendant showed for cause as follows : John M. Cochran, the plaintiffs' intestate, William J. McBryde and the defendant, were partners doing business under the firm name and style of Boynton, Cochran & Company. The defendant had become seriously embarrassed from certain individual debts and from having allowed his name to be used as security for his brother C. A. Boynton. It was apprehended that these liabilities might destroy the business of the firm, in which event it was stipulated and agreed that McBryde would be damaged $2,300 00 and Cochran $1,800 00. The note for $1,800 00 was given to the latter for his protection, and the mortgage subsequently executed to secure the same. Neither said firm of Boynton, Cochran & Company, nor Cochran, sustained any loss from said individual liabilities of defendant, as he paid them off. Thus there has never been any breach of the mortgage, and said instrument, as well as the note for $1,800 00, has answered its purpose.

The plaintiffs introduced the mortgage and the note for $1,800 00 and closed.

The defendant proposed to prove by William J. McBryde, the facts stated in his plea. On objection made, said evidence was excluded upon the ground that it altered and varied the written contract, and defendant excepted. The jury returned a verdict for the plaintiffs for $1,800 00 principal, with interest. Error is assigned upon the above ground of exception.

R. N. ELY; VASON & DAVIS, for plaintiff in error.

WILLIAM E. SMITH; G. J. WRIGHT, for defendants.

McCay, Judge.

That this promissory note is secured by mortgage, does not, in our judgment, alter the rules of evidence upon the existence or amount of the debt. On the trial of the issue, which the statute provides for, the defendant may set up any defense he might set up in an ordinary suit instituted on the debt secured. We think, too, that the evidence sufficiently shows that the note secured is the same $1,800 00 note the witness alludes to, to allow the evidence to go to the jury, if it be otherwise unobjectionable. We think it very clear, too, that the witness is competent to testify notwithstanding the death of Cochran. He is not the other party to the cause of action on trial. True he says the defendant made a note to him, on the same consideration as he made this note to Cochran, but the contract was a distinct thing with each, and the witness did not have, and does not have, any interest in the defendant's note to Cochran. At last, therefore, the only question is, was the evidence competent? Was it an effort by parol, to alter or vary the terms of a written instrument? The evidence affirms the terms of the note, except that whilst the note professes to be for value received, the parol evidence says that no cash or property passed; that no debt existed, but that the note was given to indemnify Cochran to the amount of $1,800 00 against a contemplated loss, by reason of the anticipated failure of Boynton. Is this varying, the terms of the note? Is this within the meaning of the rule, that parol evidence is not admissible to vary or explain a written instrument?

By the common law, the burden was always on the plaintiff to prove the contract sued on was for a legal consideration. If the suit was on a written contract, and the consideration was set out, then the proof of the execution of the writing was sufficient; but if there was no acknowledgment of the consideration in the writing, it was necessary for the plaintiff to show it by proof, and so settled was the rule that in cases coming within the statute of frauds, where the agreement was

required to be in writing, the courts held that the writing must express what the consideration was. But promissory notes and bills of exchange, under the Statute of Ann, and the custom of merchants, stood on a different footing. In them no consideration was required to be shown; they imported, *prima facie*, a consideration. Even the words value received are not necessary. But this presumption was only *prima facie*, and might be rebutted by showing the truth of the case: See Chitty on Bills, where the subject is fully discussed, and the authorities cited. The acceptor of a bill of exchange or the indorser of a note, are presumed, the one to have funds of the drawer, and the other to have received value for the note on a transfer of it; and yet it has long been well settled that they both may show by parol the contrary, and that they became parties to the paper as security, and for the accommodation of the maker. It is no contradiction. A note or bill rarely does set forth the consideration; it is either silent on the subject or is in general words, as on account or for value received. And the authorities are uniform that the true consideration may be shown. The case where an acceptor of a bill, or indorser of a note, is allowed to show that he got no value, and was only an accommodation acceptor or indorser, is a familiar one. And yet this is, in substance, the very case at bar. A accepts a bill of exchange. The law assumes that he has funds of the drawer in hand. That is the legal effect of his contract, and yet he is allowed to show that he did not have funds; that he was only a surety, and if the holder knew the facts he will be liable for any act in violation of the rights of the surety. The case of Soley, executor, *vs.* Hind, executor, 6 Car. & Payne, 316, was very like the case at bar. There a man had given his promissory note in the usual form for £100 00. It was pleaded and proven that the note was given in consideration of certain services that the maker expected the payee to render in executing his (the maker's) will, he having appointed him executor; it was then proved that the payee died before the maker, and that the consideration had thus failed. It is sometimes difficult to say

when the parol evidence offered is a mere explanation of the consideration, and when it is an attempt to attach a condition to the contract, and it is hard to reconcile all the cases for this reason. The line of distinction is often so dim that one mind sees the case on one side of it, and another mind sees it on the other. Without doubt, you may always, in the case of a promissory note, show by parol what was the true consideration; that is, what the maker got, or the payee suffered or lost, or what was the motive that led to the making of the paper. If this motive was not, in law, a valid consideration, or has failed, or if the payee has, on his part, violated some undertaking, expressed or implied by law on his part, so that the consideration has failed, or has proved to be no consideration, then the whole facts may be shown by parol. But if the thing proposed to be proven attaches a condition to the note, as that in a certain event it is not to be paid, or is to be paid at a different time from the time stated, or not to be paid in money, etc., then parol evidence is inadmissible. In the case of *Lester*, the consideration was the services of the attorneys; and it was attempted to be shown that it was agreed that the note should not be paid unless the services proved effective. In the Sewing Machine case, the consideration was the sewing machine, but it was proposed to show that the note was to be given up if the defendant's wife should object. So in the cases at the last term against *Thompson* and others. The note was, on its face, given for the premium on an insurance policy actually issued, and it was attempted by parol to alter not only the note but the contract of insurance, by showing that the defendant was to have the right, at his pleasure, to withdraw from the bargain. But the case at bar stands on a different footing. Here the parties feared loss, and it was agreed that the loss might go as high as $1,800 00, and this note was given and secured to protect the plaintiffs' intestate against that loss. The consideration was good. But it turned out no loss has accrued. The consideration has failed. It stands on the footing of a note or acceptance placed as collateral to cover future advance, in which case the courts

hold that the note or acceptance is good only for the amount of the advances. If this testimony is true, this note was never intended for negotiation, and as between the parties this fact may always be inquired into.

Judgment reversed.