## BARFIELD *v.* DWIGHT.

</div>

An owner of land contracted with another to farm it the next year as a cropper. Before that contract became effective the landowner took from the person engaged as a cropper a rent note which contained a complete contract of tenancy, and as landlord assigned the note in writing to a third person. The effect of this written contract was to convert the contract of landowner and cropper into one of tenancy. In an action against the tenant to administer the crop through a receivership, the landlord can not escape the effect of the written contract by alleging, and testifying at the trial, that the execution of the latter contract was not intended to change the former contractual relation, but was only to furnish collateral on which to obtain credit by assignment of his lien as landlord. It was erroneous to appoint a temporary receiver.

<div align="center">No. 129. MAY 17, 1917.</div>

Injunction and receivership. Before Judge Littlejohn. Macon superior court. January 3, 1917.

George L. Dwight brought a petition against C. B. Barfield, praying for the appointment of a receiver and other relief. The court appointed a temporary receiver, and the exception is to that order. The plaintiff alleged: During the year 1915 the defendant, as his cropper, operated a farm, and near the end of that year they renewed their contract for the year 1916. In the spring of 1916 the plaintiff suffered financial reverses, there were judgment liens against him, and it was difficult for him to obtain the supplies which he had contracted to furnish to the defendant. They agreed that the defendant give a rent note to the plaintiff as landlord, for the purpose of being transferred to the Bank of Oglethorpe to obtain supplies, which note was to be paid by the plaintiff out of the crops; and that the giving of the rent note was to work no change in their contractual relation of landlord and cropper. The defendant is insolvent; and when plaintiff demands a part of the crop for his share, defendant claims to be a tenant; and when demand for settlement of obligations as a tenant is made, he claims to be a cropper. "If as the defendant, when convenient, contends that it is a contract of landlord and tenant, the said tenant is due your petitioner a balance of $165.00 for the rent of his land, $105 for the rent of his mules, $255 the cost of maintaining the mules and feeding them during the year, and the sum of $53 for hauling lumber." Plaintiff has brought an action of trover for two bales of cotton, and the sheriff accepted an insufficient bond and surrendered the property to the defendant. The prayer was for the administration of the matured crop by a receiver, and "that the lien, right, and title of petitioner, as they appear to exist upon the trial, be declared against the crops raised on the premises herein described." The defendant showed cause against the appointment of a temporary receiver, by demurrer and by answer. In his answer he denied his insolvency, and averred that in the early part of November, 1915, he agreed with the plaintiff to work as cropper for the year 1916, but that on December 14, 1915, by mutual consent that agreement was canceled, and the defendant agreed to rent the land for the year 1916 and gave his rent note to petitioner for that year. He purchased all his supplies, except $18.30, elsewhere. He has sold two bales of cotton and applied the proceeds in part payment of his debt for supplies. The plaintiff has transferred his rent note to the Bank of Oglethorpe. De-

fendant denies that the giving of the rent note was not intended to change the contractual relation, and denies that the plaintiff furnished him with supplies obtained from the hypothecation of the rent note.

On the interlocutory hearing the parties used their verified pleadings as evidence. The defendant introduced a rent note signed by him and payable to the plaintiff, dated December 14, 1915, and due October 1, 1916, for 2500 pounds of cotton as rent of certain described land for the year 1916. Upon this note was indorsed: "For value received I hereby transfer and assign the within note together with all my landlord liens, both general and special, under the same, to the Bank of Oglethorpe, and guarantee the payment." Signed by "G. L. Dwight, landlord," and dated December 29, 1915.

*J. J. Bull & Son,* for plaintiff in error. *Jule Felton,* contra.

EVANS, P. J. (After stating the foregoing facts.) The first contract between the parties created the relation of landlord and cropper. A short time after making this contract, and before the beginning of the year 1916, they entered into a written contract whereby they sustained the relation of landlord and tenant. The plaintiff says that this contract was not to have its full legal effect, but it was made to provide him with collateral to be used in obtaining credit. He did transfer the contract to the Bank of Oglethorpe, and he does not contend that he informed the bank that the paper was factitious. Indeed, if he had done so, it is hardly probable that the bank would have purchased the paper. A party can not impeach his written contract by parol evidence that it was to be binding for one purpose and not binding for other purposes. Under the facts the rent note, containing a contract of tenancy, was a novation of the former contract. The defendant was the plaintiff's tenant, and the plaintiff's statutory remedy to collect his rent and supplies by summary process is ample. It was error to appoint a temporary receiver.

*Judgment reversed. All the Justices concur.*