22160.   RAMSEY-FENDER MOTOR CO. *v.* CHAPMAN.

386

Decided October 28, 1932.   Adhered to on rehearing, February 15, 1933.
Rehearing denied March 1, 1933.

*Felton & Felton,* for plaintiff. *John B. Guerry,* for defendant.

ON REHEARING.

JENKINS, P. J. The very strong and able motion for rehearing, filed by plaintiff in error in this case, has caused the court to enter upon a reconsideration of the principles involved. The questions raised in this case involve fine discriminations along several principles of law. In order to make this statement more clear, perhaps it would be in order to give a more complete statement of the facts disclosed by the record. The affidavit of illegality filed by the defendant in the foreclosure proceedings set up that he had originally bought a Ford car from plaintiff on July 10, 1929, giving his purchase-money note therefor in the sum of $480, payable in installments of $40 each; that on May 19, 1930, when the instrument now sought to be foreclosed was given, he owed on said purchase-price only the sum of $80; that plaintiff came to defendant and asked him to allow them to retake his car and refinance it in order to allow them to borrow other money; and that as a matter purely of accommodation he gave a new instrument in the form of a purchase-money note in the sum of $360, which included the $80 actually owed and the remainder purely as accommodation to the payees, for the purposes indicated. It appears from the record that at the time the new instrument was executed by defendant a new contract of purchase and sale of the original car was also executed, signed by each of the parties. All these facts appear from the record to have been proved without dispute; and also the further fact that the $80, which had remained unpaid under the original transaction, had been fully discharged prior to the date of the foreclosure; and that the instrument sought to be foreclosed, after having been traded to a third person, had been received back by the payees, prior to the foreclosure; and that the proceedings were instituted in the name of the payees themselves. After giving full consideration to the various grounds of argument, presented by the plaintiff in his motion for rehearing, we are still of the opinion that the decision as originally rendered is correct; and the principles and authorities stated therein are controlling in this case. The case of *Rheney* v. *Anderson,* 22 *Ga. App.* 417 (supra), presents almost an identical situation; and the reasoning and authorities cited in the concurring

opinion in that case, which was delivered after full and mature deliberation, we think are controlling here. As we see the instant case, as between the parties to the instrument, there was an absolute want of consideration except as to the $80, which, according to the undisputed evidence, has been paid. It is true that the defendant can not be heard to *deny the promise to pay* the $360, but as we see it, he can be heard to *attack* the promise to pay on the ground that it was a nudum pactum in so far as the $280 was concerned. It was said by the writer in his special concurrence in the case of *Rheney* v. *Anderson,* supra, that "if the consideration is good, the promise must be enforced as expressed; while on the other hand, if the contract be without consideration it matters not how absolute the admitted promise may be; as a nudum pactum it can not avail. The defense which is claimed in this case is not dependent upon an unauthorized attack upon the terms of an absolute and unambiguous promise; but the purport of the plea is that, while admitting the promise, it is nevertheless void, since, as between the parties, it is without the support of any valid consideration." As was said by Mr. Justice Cobb, in *Byrd* v. *Marietta Fertilizer Co.,* supra, "It is undoubtedly the general rule that the consideration of a contract can always be inquired into where the controversy is between the original parties. But is this an effort to inquire into the consideration? Where the promise as stated in the writing is admitted, the promisor can show that there was no consideration; or that there was a consideration which had failed wholly or in part, and therefore the promise is no longer supported, and must fail either in whole or in part, according to the facts." In like manner in the instant case, since a lack of consideration is certainly as fatal as a subsequent failure of consideration, even though the promise be admitted, the promisor should be enabled to show that the agreement is without consideration either wholly or in part.

We do not think that the case of *Barfield* v. *Dwight,* 146 *Ga.* 824 (92 S. E. 633), cited by counsel in his motion for rehearing, would require or authorize a holding contrary to what has been said. In that case it appeared that a landowner had made a contract with another to work as a cropper, and that subsequently he took from the same person a rent note converting the relationship into one of landlord and tenant. The court held that the new contract was a novation of the old contract and that the landlord was entitled to

foreclose his lien against his tenant; and that the previous agreement would not prevent him from doing so, since it was superceded by the second agreement, even though it might be shown that the contract was not to have its full legal effect, but was made to provide him with collateral to be used in obtaining credit. The only ruling in this decision is to the effect that a party can not impeach his written contract by parol evidence, for the purpose of showing that it was binding for one purpose and not binding for another purpose. The question involved was one of remedy. There is no mention whatsoever to the effect that if, as between the parties themselves, the defendant had not been given the use of the land, or that if he as cropper had paid for it, he could not thereafter attack a foreclosure of the rent claim by the landlord himself on the ground of a lack or failure of consideration.

*Judgment adhered to.*

#### ON SECOND MOTION FOR REHEARING.

JENKINS, P. J.    Counsel for plaintiff in error file a second motion for rehearing, in which they very earnestly but courteously insist that the court has still failed to draw the proper distinction between cases where the consideration is expressed as a mere recital, and those cases where, as here, it is contended that "the consideration is a necessary term of the contract, which is complete within itself and signed by both parties." It is contended that "the court overlooked the fact that the failure or lack of consideration for the contract in this case is shown only by a direct contradiction and denial of a positive statement in the contract which the contract itself shows was a vital and necessary term, in that the contract shows that the obligation was for the purchase-price of an automobile and the parol testimony shows that this was not the case." They further insist that "the court overlooked the fact that its opinion holds that the statement in a retention-of-title contract that property is bought and sold is not a necessary term, but a mere recital, and vitiates every such contract in existence, and puts it in the power of every signer of such a contract to dispute and deny the validity thereof." They contend that the ruling is in direct conflict with the Georgia authorities, especially *Middlebrooks* v. *Dunlap-Huckabee Auto Co.,* 44 *Ga. App.* 543, which was cited in the original decision.

The original syllabus of the court has been elaborated on the rehearing already granted. If we are correct in our conception as to

the law governing this case, there is little that we can add to what has previously been said. It may be due to state, however, that counsel's strongly-put argument and further consideration of the legal principles involved have led us to change a portion of the language heretofore used. As previously pointed out, so far as what is now sued for is concerned, the instrument on which the proceeding is grounded is, according to the undisputed evidence, but a mere accommodation paper, given for the purpose of enabling the plaintiff to borrow money for his own benefit on the maker's credit. That all purported contracts must be supported by a consideration, in order to be valid and enforceable, is a proposition which need be no more than stated. The question here is not whether the contract is thus supported, since the evidence shows that the purported sale was a mere fiction, but whether the defendant had the right to prove such fact, where the instrument itself states that it was given for the purchase-money of an automobile, and is accompanied by a sale agreement signed by both parties, setting up such a sale and the terms thereof. Nothing is better settled than the general rule that the consideration of a contract is ordinarily open to inquiry. Does the instant case come within any exception which would preclude the defendant from showing that, as between the parties, there was a want of consideration? In our opinion, the fact that the note purports on its face to represent the purchase-price of an automobile, and the further fact that an instrument was contemporaneously executed purporting to set forth such a sale and the terms thereof, do not prevent the promisor as purported purchaser from showing, as he did without dispute, that no such sale was actually made, but that the proceeding was merely a device whereby the promisor, as purported purchaser, might lend his credit to the payee. Of course, as regards a holder in due course, he would be bound; but, as between the parties themselves, there being in fact a fatal lack of consideration, we do not think that mere language setting up such a consideration would preclude him from showing that no consideration in fact existed. As previously stated, the questions here involved were thoroughly gone into in *Rheney* v. *Anderson,* 22 *Ga. App.* 417 (supra). It is needless to repeat at length the discussion there made, but it will be seen that the conclusion there arrived at was that, while the validity of an unconditional promise in writing may be attacked on the ground that it is not

supported by a valid consideration, such an inquiry into the consideration can not be used as a pretext to alter or in any way vary the terms or conditions of the contract itself. A number of cases were cited in the *Rheney* case, supra, in which an effort was made under the guise of inquiring into the consideration, to set up a condition to an unconditional promise. This can not be done, nor can the consideration be inquired into, unless it be expressed by recital only, for the purpose of showing that the true consideration was different from that recited, and that such different but true consideration has failed. The defendant in the instant case could not be heard to deny that he made the promise precisely as made. He has not attempted to do so. But he can be heard to say that the admitted promise was not binding upon him for the reason that it lacked consideration. The case of *Hawkins* v. *Collier,* 101 *Ga.* 145 (28 S. E. 632), cited in the *Rheney* case, was very similar in nature. There the promisor signed an agreement to pay a certain amount of money for rent for a certain definitely described parcel of land. On a distress-warrant proceeding the court held that it was competent for the maker of the note to plead and prove that the payee did not really own the land for the rent of which the note was given, and that he had no control over the same, and was not entitled to the possession thereof, and had no right to rent it, and never attempted to deliver possession thereof to the maker of the note, and that consequently he had never become the maker's landlord.

As we understand it, the gist of the plaintiff's argument is that the expressed consideration in the note sued on can not be inquired into or disputed, even though it be fictitious, for the reason that it constitutes the necessary terms of a valid and complete written agreement, and that, in order to dispute the consideration, the terms and conditions of the instrument would have to be changed, and that this is not allowed. It was recognized in the original syllabus that the consideration can not be inquired into for the purpose of *changing* the terms and conditions of the instrument. This, as we understand it, is all that is held in *Middlebrooks* v. *Dunlap-Huckabee Auto Co.,* 44 *Ga. App.* 543 (supra). As far back as *Atkinson* v. *Lanier,* 69 *Ga.* 460, it was held that, "while the consideration of a written contract may always be the subject of parol evidence, the contract in its terms can not be varied thereby." In the instant

case there is no effort to *change* the terms of the contract. There is no effort to impose any sort of condition upon the unconditional promise to pay. There is no effort to substitute a new consideration in lieu of the consideration stated, in order to show that such new and different consideration has failed. The contract is allowed to stand just as it was executed. The promise precisely as made is not assailed. What is done is that the defendant, while admitting the promise, while admitting that the promise was to pay for an automobile, yet *attacks* the promise to pay for the automobile as being void, because no consideration did in fact exist. In *Wellmaker* v. *Wheatley*, 123 *Ga.* 201 (51 S. E. 436), there was an expressed consideration which constituted a part of the terms of the agreement. What the court held was that the consideration could not be inquired into for the purpose of changing one consideration into another and different consideration, thereby imposing new and different obligations. If the plaintiff be correct in its contention that the consideration as expressed in the written instrument constitutes a part of the terms and conditions of the contract itself, then the rule just stated would have application, and it would not be permissible for the defendant to introduce testimony for the purpose of showing a new and different consideration in order to show that such new and true consideration had in fact failed. The rule does not have application in those cases where the consideration is merely recited and does not constitute a part of the terms and conditions of the contract. In such cases it is entirely proper to show that the consideration thus recited did not constitute the true consideration, and to further show that the true consideration had in fact failed. As we see it, however, *neither* of these rules gives determination to the instant case, since it is the right of any promisor always to attack the consideration by showing a lack or failure thereof. The fact that in some cases he might not be able to prove a different and new consideration in order to show that such new consideration had failed, does not prevent him from attacking the instrument as being a nudum pactum. In the instant case, the stated consideration is not exempt from attack, if it can be shown that what is expressed as a valuable consideration is in fact but a mere fiction, and that the instrument is in fact without consideration. This is what was held in *Hawkins* v. *Collier*, 101 *Ga.* 145 (supra). This is true for the reason that showing that

the contract was without consideration does not *change* the contract, but simply *voids* the contract. See, in this connection, *Aultman* v. *Mason,* 83 *Ga.* 212, 219 (9 S. E. 536) ; *Reese* v. *Strickland,* 96 *Ga.* 784 (22 S. E. 323) ; *Byrd* v. *Marietta Fertilizer Co.,* 127 *Ga.* 30 (supra).

It is true enough that the note and contemporaneous agreement *say* that they were given for the purchase-price of the car, but as between the parties themselves mere words are not strong enough, nor can they be made strong enough, to support a nudum pactum. A good consideration, a meritorious consideration, and a valuable consideration are the rocks upon which all contracts rest. Words are but the medium of expression. They can set forth a consideration, but they can not supply it. They give form, but do not furnish substance. In the absence of some real and actual consideration, not even a veritable artillery of words can lay down such a barrage as will prevent one who has received nothing, and who therefore owes nothing, from passing through.

*Motion denied. Stephens and Sutton, JJ., concur.*