24774. TYRE *v.* PRICE *et al.*

DECIDED FEBRUARY 1, 1936.

*Joe Thomas Jr.,* for plaintiff in error.
M. Price, W. D. Turner, contra.

JENKINS, P. J.   In this suit by attorneys on a promissory note, the original plea alleged that, at the time the note was given for services in defending against a damage suit, the defendant, the client, protested as to the amount of the fee, but the attorneys told him the suit would "probably have to be carried through the appellate courts," and in the event the litigation was not thus prolonged the amount would be fairly prorated in accordance with the amount of services actually performed; that the client signed the note in the amount provided, with this understanding; that the plaintiff in the damage suit on demurrer being entered, dismissed that action without a trial, and the plaintiffs in this suit on the note did practically no work on the damage suit, only filing a demurrer which was never heard, and an answer making an issue which was never tried; and that because of these facts and the plaintiff's agreement to adjust the fee, which they have refused to do, the consideration has failed, and the defendant is not indebted on the note.   By a proffered amendment the defendant sought to plead that the plaintiffs, while occupying the relationship of attorneys to him, were guilty of fraud in procuring the signing of the note, in that they told him that if he did not sign it all of his property would be taken away by the damage suit, and that the case would have to be fought through the appellate courts.   In an additional proffered amendment, the word "probably" qualifying this averment in the original plea was stricken, and it was alleged that the "plaintiffs stated the consideration for the amount of $500 of said note to be their services in filing the demurrers, prosecution of the demurrers, filing pleas and answers, trial of the case, motion for a new trial, prosecution of the motion for a new trial, and the prosecution of an appeal to the appellate courts of Georgia, in the damage suit;" that "defendant executed the note and deed to secure debt, relying on said consideration, each and every part thereof, as represented by plaintiffs;" that "the consideration of said note has failed, because the plaintiffs never rendered services in insisting on the demurrers filed, never tried the case, never prosecuted a motion for new trial, and never prosecuted an appeal to the appellate courts of Georgia in said damage suit;" and that the stated amounts paid on the note were ample payment for all of the services rendered. Portions of the original plea, in paragraph 5(f), in which it was stated that, in the event the litigation was not fought through the

various stages stated, the amount of the fee was to be diminished by being "adjusted" accordingly, were not stricken by the proffered amendments, but were allowed to stand. The judge refused to allow either of the two amendments, and, after sustaining a demurrer to the original plea, entered a judgment in favor of the plaintiffs. The defendant excepted.

1. With respect to the amendment pleading fraud, if the allegations had shown that the attorneys were in possession of information as to what services would or would not be required in defending the litigation to its final determination, and that while in possession of such knowledge they misled their client by leading him to believe that services would be required which in point of fact they knew would not be necessary, there would be merit in the plea. But where by the plea it is not only manifest that the client knew as well as the attorneys could know that the case might not be appealed to the appellate courts, but it is expressly shown that it was in the minds of the contracting parties that there might not be such an appeal, the effect of the amendment did not strengthen the original plea that the client was informed that the suit would "probably" have to be carried through the appellate courts. There is no allegation that the attorneys did not believe that the case would have to be appealed, despite the fact that all parties recognized that this might not be required; nor is there any allegation going to show that if the client had neglected to defend the damage suit his property would not have been taken away from him, as it is alleged he was informed by the plaintiff attorneys.

2. With regard to the plea of failure of consideration, counsel for plaintiff in error in a strong brief argues as follows: "The case at bar is analogous to a state of facts as follows: D gives his note to P in the sum of $100, without stating the consideration, but with the express agreement that P would go to D's farm, bore a well, reroof the tenant house, erect a cane-mill, and brand his cattle. P goes to D's farm and bores a well. The note matures, and P sues D for the sum stated in the note. Question: Can D plead and show by parol evidence what the true consideration was, and that it failed? There is no question in my mind that he could do so. In the hypothesis and in the case at bar, it would be unjust to allow a party to collect a note for services he had failed to render, for which the note was given. Section 14-305 of the Code of

Georgia was written into our laws to allow a party to defend against a note given by him for services, property, etc., which he did not receive in whole or in part." This argument is well stated, and would be conclusively convincing if the payee had failed or refused to do all that his professional duty made it incumbent upon him to do, or if all of the services constituting the alleged agreed consideration, as in the hypothetical case, had been unconditional and not based on the contemplated exigencies of the litigation, or if the written promise of the defendant, like some portions of the pleaded consideration, had itself been made contingent and conditional.

As was said by Justice McCay, in *Boynton* v. *Twitty*, 53 *Ga.* 214: "It is sometimes difficult to say when the parol evidence offered is a mere explanation of the consideration, and when it is an attempt to attach a condition to the contract; and it is hard to reconcile all the cases, for this reason. The line of distinction is often so dim that one mind sees the case on one side of it, and another mind sees it on the other. Without doubt, you may always, in the case of a promissory note, show by parol what was the true consideration; that is, what the maker got, or the payee suffered or lost, or what was the motive that led to the making of the paper. If this motive was not in law a valid consideration, or has failed, or if the payee has, on his part, violated some undertaking, expressed or implied by the law on his part, so that the consideration has failed, or has proved to be no consideration, then the whole facts may be shown by parol. But if the thing proposed to be proved attaches a condition to the note, as that in a certain event it is not to be paid, or is to be paid at a different time from the time stated, or not to be paid in money, etc., then parol evidence is inadmissible." Justice Cobb, in *Byrd* v. *Marietta Fertilizer Co.*, 127 *Ga.* 30 (56 S. E. 86), used this language: "It is undoubtedly the general rule that the consideration of a contract can always be inquired into where the controversy is between the original parties. But is this an effort to inquire into the consideration? Where the promise as stated in the writing is admitted, the promisor can show that there was no consideration; or that there was a consideration which has failed wholly or in part, and therefore the promise is no longer supported, and must fail either in whole or in part, according to the facts. But this case does not involve merely the question of what is the con-

sideration for the promise, or whether there was a consideration, or whether, being such a consideration, it has failed in whole or in part. The purpose of the plea is to show that the promises in the writing were not the promises really made. The promise in the writing is not admitted. The plea denies it. The promise in the writing is to pay a certain sum of money absolutely and at all events. The plea alleges an agreement to pay another sum, the amount of which is dependent upon conditions. The consideration of a contract may be always inquired into in order to show that the promise is no longer binding according to its tenor; but in inquiring into the consideration the promisor can not deny that he made the promise evidenced by the writing."

· In the instant case the writing did not state the consideration, but the defendant, as he has a right to do, undertakes to set it up by parol, in order to show a partial failure thereof. In doing so, however, he is not permitted to do aught which impairs the unconditional *promise* as stated in the writing. If without attacking, but while admitting, the unconditional promise to pay, he can show that the promise as made has failed in whole or in part because the unconditional consideration on which it was based has failed, he may do so. But where the plea shows that a part of the consideration was known to be contingent, and yet, with full knowledge of such fact, the promise was nevertheless made absolute and unconditional, then and in that event the only way to disclaim liability would be to attack, not the consideration, but the promise itself by making it likewise conditional. This he can not do. Where by the plea all of the services to be subsequently performed, constituting the alleged consideration, are absolutely and unconditionally required (as distinguished from complete performance *if* required), it is easy enough to see that a failure of any part of such agreed consideration would authorize a plea of partial failure, even though the promise, like the service to be rendered, was unconditional. But where it is plainly shown by the plea itself that it was in the minds of all the contracting parties that some of the consideration was contingent, as being based upon the exigencies of the litigation, and that notwithstanding such knowledge the defendant made his promise absolute and unconditional, the happening of the very contingency forming the basis of the absolute promise to pay would not avoid the promise. Nor can the written promise be changed

in order to conform to what was the alleged understanding, in view of the contingent nature of a portion of the consideration. What the defendant seeks to do is to show that the written unconditional promise does not set forth the agreement, but that the true intent was that the promise was only contingent. In line with this reasoning, it was held, in Consolidated Lumber Co. *v.* Frew, 32 Cal. App. 118 (162 Pac. 430), that, in an action on a note given in a transaction of a sale of lumber, the defendant can not show that the note was given *subject to the terms of an oral understanding or agreement that a deduction should be made* on account of some quantity of lumber not delivered. Likewise, in Dale *v.* Pope, 4 Litt. (Ky.) 166, a case almost like the instant one, it was held that where a note is given to an attorney in payment of his services in a certain case, and there is no failure or unwillingness on his part to render the services, but he is precluded from doing so by the compromise of the suit, an *oral agreement* that the note was not to be paid in the event of a compromise can not be shown, on the theory that it shows a failure of consideration. Thus, in the hypothetical case submitted by counsel, the defendant, under a plea of partial failure of consideration, would manifestly be entitled to a pro rata reduction for any portion of the unperformed services which the plaintiffs had unequivocally agreed to render as the basis of the defendant's promise, and this is true despite the fact that the defendant's promise was also unconditional. Such a defense would not operate to alter or vary the promise itself, but merely to prevent partially its enforceability, by reason of the failure of a portion of the supporting unconditional consideration. In the hypothetical case, both the promise and the supporting consideration were absolute and unconditional. In the instant case, part of the services which it is alleged were to be rendered by the plaintiffs were not only necessarily contingent on the exigencies of the litigation, but by the plea were expressly so recognized by the contracting parties. Despite this fact, the defendant, instead of making his written promise to pay likewise conditional, made it absolute and unconditional. He now seeks to show by parol that the written promise does not speak the truth, and that what was really understood and agreed on was that he was to pay the amount promised only on the agreed condition that, under the plaintiffs' duty to their client, all of certain contingent

services would be required. This is obviously an attempt to convert by parol an unconditional written promise into a promise conditioned on the happening of contingencies. Many times the courts have held that this is not permissible. In *Probasco* v. *Shaw*, 144 *Ga.* 416 (87 S. E. 466), it was held, that, "in an action upon an unconditional promissory note, evidence of a contemporaneous parol agreement that the note was not to be paid except upon the happening of a certain event is inadmissible, in the absence of evidence tending to show that the agreement was omitted from the note by accident, fraud, or mistake." If it had been the intention and understanding of the parties to the instrument that the maker should be allowed to avail himself of the non-performance of some portion of the contingent, and what proved to be unnecessary services, the promise, like the consideration, should itself have been made conditional. The parties by their writing having contracted otherwise, the court can not now substitute what the defendant claims to have been the true prior oral understanding. In *Ramsey Fender Motor Co.* v. *Chapman*, 46 *Ga. App.* 385 (168 S. E. 92), the plea did not attack the making of the unconditional promise, but sought to *void* the same by showing that the stated consideration was a mere fiction, and that the contract was therefore a nudum pactum which could not be enforced. In the instant case the contract was not without a valid consideration. The delivery of the note was unconditional. The payees not only performed, but successfully performed, their full duty. The plea of the defendant amounts to nothing more than an effort to show by parol that the unconditional written promise is not to be taken as expressed, but should be now altered to mean as having been actually intended and agreed to be conditioned in part upon the happening of contingencies recognized as uncertain at the time the absolute promise was executed.

The amendments to the plea having been properly disallowed, and the plea having been properly stricken on demurrer, the court did not err in entering judgment for the plaintiffs.

*Judgment affirmed. Sutton, J., concurs. Stephens, J., dissents.*