27003. JENNINGS *v.* POWELL.

DECIDED SEPTEMBER 27, 1938.

*J. Paul Stephens,* for plaintiff in error.
*Starkey S. Flythe, George B. Tidwell,* contra.

MACINTYRE, J. This suit on a note was brought by Powell against Jennings as maker. The plaintiff introduced the note in evidence, "upon the admission in the answer of the defendant that it was executed by him," and rested. The defendant then took the stand, and, after being sworn, testified that H. M. Powell, the plaintiff, was the one who induced him to sign the note upon the

express condition that it would never be sued upon; that had not this fraudulent inducement been made he never would have executed the note. On motion of counsel the court directed a verdict for the plaintiff, on the ground that parol evidence is inadmissible to add to, take from, or vary, a written contract, and that therefore the evidence of the defendant set up no legal defense to the suit on the note.

It is true that as between the original parties to a promissory note it may be shown, notwithstanding the fact that the note was executed and in the actual possession of the payee, that in fact the note was incomplete because there had been no real delivery of the same to the payee, but that it was merely left in his possession until some additional person should sign it before it should become a completed contract (*Bray* v. *Comer Mercantile Co.*, 32 *Ga. App.* 746, 124 S. E. 817; *Heitmann* v. *Commercial Bank*, 6 *Ga. App.* 584, 65 S. E. 590), this being permitted on the theory that it is permissible to show that there never was actually a contract. But this rule can not be so applied as to allow it to be set up and proved, even as between the original parties, that, though the contract was completed and otherwise valid, the payee contemporaneously with its execution orally agreed never to sue on the same. "The agreement never to sue another upon his written obligation must be in writing, in order to be a covenant equivalent to a release, within the meaning of the Civil Code, § 3714, unless made subsequently to the original undertaking and upon a new and independent consideration." *Crooker* v. *Hamilton*, 3 *Ga. App.* 190 (59 S. E. 722). See *Turner* v. *Strauss-Epstein Co.*, 20 *Ga. App.* 735 (3) (93 S. E. 234); *Proctor* v. *Royster Guano Co.*, 21 *Ga. App.* 617 (3) (94 S. E. 821); *Haymans* v. *Bennett*, 29 *Ga. App.* 265 (117 S. E. 675). The court did not err in directing the verdict in favor of the plaintiff, no issuable defense being proved.

*Judgment affirmed.* *Broyles, C. J., and Guerry, J., concur.*