29143.   JEWELL *v.* NORRELL.

DECIDED OCTOBER 1, 1941.

12

*Wheeler, Robinson & Thurmond,* for plaintiff.

*Hugh Dorsey Sosebee,* for defendant.

MacIntyre, J. "Parol contemporaneous evidence is inadmissible generally to contradict or vary the terms of a *valid* written instrument." (Italics ours.) Code, § 38-501. "Parol evidence shall be admissible to show that the writing was either originally void [not valid] or subsequently became so." (Brackets ours.) Code, § 38-503. "All contemporaneous writings shall be admissible to explain each other; and parol evidence shall be admissible to explain all ambiguities, both latent and patent." Code, § 38-502. "Receipts for money are always only prima facie evidence of payment, and may be denied or explained by parol." Code, § 38-508. This last quoted section has been construed to mean that "A receipt for money is an exception to the otherwise universal rule that parol evidence is inadmissible to vary or alter the terms of a valid written instrument." *Walters* v. *Odom,* supra. However, "If a receipt is a contract and not simply a receipt, there is no reason why it should be susceptible of attack or explanation by parol more than any other contract." *Walters* v. *Odom,* supra.

The suit here was based on two notes, one for $52.50, the other for $200 principal and $6.84 interest. The evidence demanded a finding that the $52.50 note had been paid, and what is hereafter said will apply only to the $200 note.

At the time of the execution of the $200 note, which contained a provision that "for the full payment of this note I bind and pledge the following property: 150 New Hampshire pullets located on the farm of W. E. Norrell at Cole Mountain, Georgia," there was also executed by the plaintiff payee and the defendant maker, as part of the same transaction, the following contemporaneous agreement in writing: "This is to certify that a note of $200 has been given by W. E. Norrell [defendant] to apply on account and notes. Mr. Norrell agrees that this does not involve a settlement of the account in full." Though the writing is on two pieces of paper, yet the entire contract is in writing and it takes both writings to make the real contract of the parties, and the legal effect is the same as if one paper held the contents of the note and the contemporaneous writing. *Marietta Savings Bank* v. *Janes,* 66 *Ga.* 286, 289; *Cable Co.* v. *McFeeley,* 7 *Ga. App.* 435 (66 S. E. 1103). The defendant was allowed to testify, over objection, that he gave the note at the

request of the plaintiff merely as an accommodation, in order that the plaintiff might use it to borrow money. To this ruling the plaintiff excepted.

If there had been only an unconditional negotiable promissory note, and no other writing executed in connection therewith, in which note there was *merely a recital of the consideration,* the maker, as between himself and the payee, could have explained by parol evidence not only what the consideration was, but that it had failed; or, he could have explained by parol that there was no consideration. Such a plea, substantiated by proof, would have been good. *Mimbs* v. *Stephens Hardware Co.,* 22 *Ga. App.* 88 (95 S. E. 377) ; *Citizens Bank of Blakely* v. *Hall,* 179 *Ga.* 662 (177 S. E. 496, 97 A. L. R. 613). However, here, at the very time and contemporaneously with the execution of the note and as a part of the one transaction, the above-stated written paper was executed, and it seems to us that it became an integral part of the entire transaction. Thus the whole contract between the parties became, not an unconditional, but a conditional contract, in which one of the terms and conditions was for the plaintiff to credit the defendant's indebtedness to him in the amount of $200, according to the terms of the entire contract. If such be the case, this would support the written promise to pay the $200, and if the plaintiff failed to credit the note according to the terms of the written contract, or there was no indebtedness on which to credit it, a recovery could not be had. But, on the other hand, if the written contract was expressly entered into on terms and conditions expressed and stated in the two papers which constituted but one entire written contract, the defendant could not change such terms and conditions in the written contract and set up terms and conditions by parol which were contrary to the written terms, and say that a failure to comply with such other and contrary terms was a failure of consideration, and thus defeat a recovery on the note. In other words, he could not prove by parol that he gave the note to the plaintiff payee for one thing, that is, merely as an accommodation, and thus defeat recovery on the note by substituting a parol contract for a written contract which expressly stated that the consideration thereof was another thing, to wit, a credit on his indebtedness. To illustrate: if one enters into a written contract that he is to pay a definite amount of money for a calf described in a written contract of sale, the

defendant, when sued on the purchase-money note, could not set up that while the written terms of the contract were to deliver him the calf (one thing), yet, by a contemporaneous parol agreement, the written contract had been changed and the plaintiff was to deliver to him a horse (an entirely different thing), and that that consideration had failed in that the plaintiff had not delivered to him a horse, or that the horse was delivered but was totally worthless. To hold otherwise would be a violation of Code, § 38-501, prohibiting the varying of the terms of a valid written contract by parol, in that it would substitute an entirely different parol contract for the contract embodied in the writing. However, under such a state of facts, the defendant could prove that the calf, named in the writing as the consideration, had never been delivered to him, or having been delivered to him was totally worthless, and thus plead want or failure of consideration and be within the provisions of the Code, § 38-503, supra.

We therefore think that the judge committed reversible error in allowing the defendant to testify that he gave the note merely as an accommodation. This was varying by parol the terms of the valid written contract, and was in violation of the rule of evidence stated in Code, § 38-501, supra. The defendant contends that the judge did not err in allowing him to so testify, and cites *Ramsey-Fender Motor Co.* v. *Chapman,* 46 *Ga. App.* 385 (168 S. E. 92), as sustaining his position. That case is distinguishable from the instant case, for in that case the maker did not deny a single term of or promise in the written sale contract; hence, the decision was based on the rule that parol evidence, as between the original parties to a written instrument, is admissible to show that the written sale contract was void in that the sale was merely fictitious and that nothing was ever sold, and that what was stated in the writing as being sold and what the written contract stated was the consideration for the purchase-money note was merely fictitious, not a reality but only a pretended thing. Hence, parol evidence was admissible to deny the existence of a valid written sale contract, not to contradict it. *Chicago Building & Mfg. Co.* v. *Butler,* 139 *Ga.* 816 (4) (78 S. E. 244). However, in the instant case the defendant is saying in his parol testimony, "I deny that I promised what the writing says I promised, to wit, that I was to execute and deliver the note to the plaintiff to be applied on my indebtedness, and I

further deny that the plaintiff promised what the within contract said he did, that is, that he would so credit it; and I am now undertaking to say that both the plaintiff and I promised something entirely different from and contrary to the terms and conditions expressly and unambiguously stated in the writing." Thus it seems to us that the defendant was undertaking to show by parol that the terms and conditions in the written contract were not to be taken as expressed by the writing, and was undertaking to change them and to prove by parol an entirely different contract, and this could not be done as it comes within the prohibition of the Code, § 38-501, supra. See *Branan* v. *Warfield*, 3 *Ga. App.* 586 (3) (60 S. E. 325).

The defendant testified that he did not know how much he owed the plaintiff either at the time of the execution of the written contract or at the time of the trial. There was no testimony which furnished data sufficient to enable the jury to calculate what a partial failure of consideration if any, would have been. *Coffee* v. *Worsham*, 31 *Ga. App.* 62 (119 S. E. 665). The plaintiff testified that he had complied with his duty under the written contract and had credited the note on the defendant's indebtedness. *Tyre* v. *Price*, 52 *Ga. App.* 526, 532 (183 S. E. 843).

In the instant case, if the defendant could have pleaded and proved that there was no indebtedness on which the $200 note could be credited at the time he gave the note, he could have defeated a recovery. He would have brought himself within the rule laid down in the *Chapman* case, supra; for if there was no indebtedness and nothing about which to contract, it is obvious that a writing undertaking to set out the terms and conditions of a contract which related only to a pretended thing, a fictitious thing, a thing that did not exist, a nothing, is not valid but is void. A writing which undertakes to contract about a fictitious thing, a thing not a reality, even though it be denominated a consideration in the writing, is in fact without consideration. The consideration is only pretended or fictitious, and the contract, the terms and conditions of which purport to relate only to it, is, in the eyes of the law, nothing. It is a void writing, and the fact that it is void may be shown by parol under the rule of evidence stated in Code, § 38-503.

The contemporaneous writing in this case was not simply a receipt, but was a contract, and there is no reason why it should be

susceptible of attack or explanation by parol more than any other contract. *Walters* v. *Odom,* supra.

As the case is to be tried again, there is no necessity to discuss the other ground of the motion for new trial as it relates to matters that probably will not arise on a new trial.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*