36657. CHILDS *v.* MASON.

DECIDED MAY 2, 1957.

*Carl K. Nelson, Jr., Nelson & Nelson, Robert E. Flournoy, Jr., Price, Spivey & Carlton,* for plaintiff in error.

*Rountree & Rountree,* contra.

NICHOLS, J. The plaintiff's general demurrers to the answer alleged that it showed no legal defense to the petition, and that it attempted to set up an oral agreement contradictory to and inconsistent with the terms of the promissory notes set out in the petition.

The answer sought to set up two defenses, to wit: (1) An absolute failure of consideration, and (2) That a separate and distinct oral agreement was entered into between the plaintiff and the defendant at the time of the execution of the notes and under such agreement the plaintiff was to reimburse the defendant any amount he had paid under the notes should certain events transpire.

According to the answer the notes were given out of the following transaction. The defendant owned a motel which he desired to sell for $50,000 with a down payment of $15,000, that the plaintiff was engaged in the business of selling real estate for a commission, that the plaintiff agreed to sell the defendant's motel for a commission of 5 percent of the sales price, that the plaintiff could not secure a purchaser at the terms shown above but did secure a purchaser who would purchase the motel for $45,000 with a down payment of $4,000, that the defendant agreed to sell the motel to this purchaser under these terms but could not agree to pay the plaintiff his full commission out of this small down payment (the five percent commission on the sale price of $45,000 being $2,250), that it was agreed that no commission would be paid out of this down payment but that the defendant would pay the commission out of the first four payments made on the motel by the purchaser, and that the notes sued on matured on the same dates that the first four payments were due on the motel, the contention of the defendant being that he never owed the plaintiff anything because it was agreed that the commission would be due only in the event the first four payments were made on the motel, and that these first four payments were never made.

The notes sued on stated on their face that they were given for *"value received,"* but this in itself will not forbid the maker, in an action on such notes by the payee, from showing that in fact there was no consideration or that the consideration has failed, either partially or completely. See *Ramsey-Fender Motor Co.* v. *Chapman,* 46 *Ga. App.* 385 (168 S. E. 92), and cases cited.

The defendant relies on this case and like cases to support his contention that his plea of failure of consideration is admissible, and that he is permitted to plead the separate contemporaneous agreement whereby the plaintiff was to reimburse him the amount paid on the notes should the purchaser of the motel fail to make the first four payments on the purchase price.

Headnote 2 of *Ramsey-Fender Motor Co.* v. *Chapman,* supra, reads in part as follows: "It is also the rule that it is never allowable, under the guise of inquiring into the consideration, to vary or contradict by parol the written terms of the promise it-

self [Citing cases]. . . Thus, if the thing proven attaches a condition to the note, as that in a certain event it is not to be paid, or is to be paid at a different time from the time stated, or is not to be paid in money, etc., then parol evidence is inadmissible. . ." The plea in the present case alleges that the plaintiff was to reimburse the defendant any amount paid on the notes should the purchaser of the motel not make the first four payments on the motel, and although this plea does not say, in so many words, "that in a certain event the notes are not to be paid" it does attempt to do this by varying the unconditional promise to pay by adding a condition whereby, in effect, the maker would not be liable in the event the purchaser of the motel failed in his obligation to the maker.

The plea of failure of consideration is based on the premise that the consideration is the purchaser's payment of the first four notes on the motel, that there was no consideration at the time the notes were signed, and since the purchaser did not make the first four payments, there has been no consideration. The defendant's plea in this regard was as follows: "It was further verbally agreed between the plaintiff and defendant that they wouldn't consider the transaction between your defendant and the said Willis [the purchaser of the motel] as a sale for the purpose of paying commissions to the plaintiff until the said Willis had paid the first four payments due on the note."

The plea of failure of consideration based on these allegations is not valid inasmuch as this plea attempts to vary the unconditional promise to pay the notes by attaching thereto a condition not contained in, and contradictory to, the notes sued on.

It is well settled that the consideration for which a promissory note is given may be inquired into in an action between the original parties (Code § 14-305); however, the terms of the unconditional promise to pay may not be varied. Accordingly, the trial court erred in overruling the general demurrers to the answer, and the further proceedings were nugatory.

*Judgment reversed. Quillian, J., concurs. Felton, C. J., concurs specially.*

FELTON, C. J., concurring specially. Paragraph 6 of the defendant's answer is as follows: "6. Defendant says further

that on April 4, 1953, when the notes sued upon were executed and contemporaneously with the execution of said notes, and as part of the consideration for the execution of said notes, there was a separate and distinct verbal understanding and agreement between the plaintiff and the defendant that should the defendant pay the note that was due on October 4, 1953, and the said Willis failed to pay the payment due on the corresponding date to your defendant, petitioner would reimburse your defendant for any sums that your defendant had to pay on said note. A similar verbal agreement was made with reference to the execution of each note sued upon. No payments have been made to your defendant by the said Willis on the payments due to your defendant by the said Willis on the dates corresponding to the due dates of the notes sued upon. Therefore, should it be determined that defendant is indebted on said notes in any way, your defendant is entitled to and should receive a setoff from petitioner in the amounts determined to be due." In my opinion this paragraph sets forth a valid ground of setoff against the notes sued on, alleging a valid agreement based on a valuable consideration. This paragraph does not contain any allegations which seek to vary or contradict the notes sued upon. I, therefore, think that the court was correct in overruling the demurrer to this paragraph and defense. However, the defendant's testimony was contradictory. While he did testify in support of the defense above shown, he testified, "We agreed that I was to pay him as Willis paid me and in the event Mr. Willis did not pay me I did not owe Mr. Childs." This testimony refuted the defense set up in paragraph 6 of the answer, and demanded a finding against the defendant. It is my opinion that the court erred in denying the plaintiff's motion for a judgment notwithstanding the verdict.