The FIRST NATIONAL BANK OF ATLANTA, Plaintiff,

v.

DeSales HARRISON, Jr., Defendant.

Civ. A. No. C 74-2384 A.

United States District Court, N. D. Georgia, Atlanta Division.

Sept. 4, 1975.

J. G. Davis, John M. Sikes, Jr., Lipshutz, Macey, Zusmann & Sikes, Atlanta, Ga., for plaintiff.

Edgar A. Neely, III, Neely & Player, Atlanta, Ga., for defendant.

JAMES C. HILL, District Judge.

## ORDER

This action is presented to the Court on the plaintiff's motion for summary judgment on Count I of the complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Plaintiff First National Bank of Atlanta is a national banking association with its principal place of business in the State of Georgia. Defendant DeSales Harrison, Jr. is a resident of Florida. Plaintiff sues on a renewal promissory note dated May 10, 1973, in the principal amount of $25,000 plus interest. Said promissory note reads in pertinent part:

$25,000.00 Atlanta, Ga. May 10, 1973

ON DEMAND after date WE promise to pay to the order of THE FIRST NATIONAL BANK OF ATLANTA (hereinafter, together with any holder hereof, called "holder") TWENTY FIVE THOUSAND AND NO/100 DOLLARS . . . with interest from date not to exceed the greater of the legal rate or a service charge of $10.00, and with interest after maturity until paid at eight per cent per annum, and with all costs of collection, upon default, including fifteen per cent as attorney's fees, if collected by law or through an attorney at law . . . . [T]he holder may proceed against any party to this note without first proceeding against the maker or any other party . . .

Upon default in the payment or performance of any of the obligations or liabilities set forth in this note or referred to herein, . . . the obligations and liabilities hereunder shall be immediately due and payable, without notice to any party hereto . . . .
. . . .
. . . .

L. W. F. MERRITS AVENUE CORP.
By: /s/ Desales Harrison, Jr.
ENDORSED
/s/ Desales Harrison, Jr.

Plaintiff alleges that the note is in default and prays for judgment in the principal amount of $25,000, together with interest of 8% per annum from May 10, 1973, together with 15% of the entire amount as attorney's fees, plus the costs of this action.

Defendant does not contest the facts set out above, but he alleges that they do not contain the complete story. Defendant contends that the plaintiff herein either agreed to contribute $25,000 outright or agreed to pay $25,000 to be paid back from a construction loan that the plaintiff hoped it would handle in regard to a block of property contiguous to the plaintiff bank. The "contribution" was for a developmental study, but before the project was finalized or any construction loans made, the Woodruff Foundation purchased the block of property in question and donated it to the City of Atlanta. The property in question is now Central City Park.

Defendant contends that he endorsed the note as a mere formality to more nearly comport with plaintiff's normal operating procedures and to aid in its bookkeeping of the transaction. Defendant further contends that there was an oral agreement between the then president of plaintiff and defendant that neither the corporation nor defendant would have to pay the plaintiff any money whatever except out of construction loan proceeds. In effect, the defendant contends that his obligation to pay the note was conditional on a project being put together and a construction loan being made. Therefore, defendant argues that since the original loan was conditional, the renewal loan evidenced by the demand promissory note here in question was also conditional.

From a thorough review of the numerous cases cited by the parties in this case, the Court is of the opinion that the plaintiff is entitled to summary judgment as a matter of law. The dispositive issue in this case is whether the defendant may introduce his proffered evidence as regards the alleged understanding between the parties. That is, whether the evidence sought to be produced by the defendant is barred by the parol evidence rule.

The cases dealing with the parol evidence rule are sometimes hard to reconcile. As has been noted, "[t]he line of distinction is often so dim that one mind sees the case on one side of it, and another mind sees it on the other." *Boynton v. Twitty,* 53 Ga. 214, 218 (1874). However, in the case *sub judice* the Georgia cases seem to have settled the issue.

The parties agree that the parol evidence rule is a substantive rule of law applicable to this case. The difference of opinion is as to whether the defendant's proposed evidence is within an exception to the rule. The Court concludes that it is not.

The defendant argues that parol evidence may be used to explain a want or failure of consideration and that this case falls within that exception. As stated in *Byrd & Co. v. Marietta Fertilizer Co.,* 127 Ga. 30, 33–34, 56 S.E. 86, 87 (1906):

"It is undoubtedly the general rule that the consideration of a contract can always be inquired into where the controversy is between the original parties. But is this an effort to inquire into the consideration? Where the promise as stated in the writing is admitted, the promisor can show that there was no consideration; or that there was a consideration which has failed wholly or in part, and therefore the promise is no longer supported, and must fail either in whole or in part, according to the facts. But this case does not involve merely the question of what is the consideration for the promise, or whether there was a consideration, or whether, being such a consideration, it has failed in whole or in part. The purpose of the plea is to show that the promises in the writing were not the promises really made . . . .. The promise in the writing is to pay a certain sum of money absolutely and at all events. The plea alleges an agreement to pay another sum, the amount of which is dependent on conditions. The consideration of a contract may be always inquired into in order to show that the promise is no longer binding according to its tenor; but in inquiring into the consideration the promisor can not deny that he made the promise evidenced by the writing."

The defendants in *Byrd* were arguing that the amount they were obligated to pay was conditioned upon the amounts realized from the sale of fertilizer. In the case *sub judice* defendant argues that the amount that he is obligated to pay depended on certain construction loans.

In *Childs v. Mason,* 95 Ga. App. 662, 98 S.E.2d 379 (1957), plaintiff brought suit on three promissory notes which became due on the same dates that certain payments were due to the defendant on the sale of some real estate. The three promissory notes sued upon evidenced the plaintiff's commission from the defendant with regard to this sale. The defendant argued that he did not owe plaintiff anything because they had agreed orally that the commission payments would be paid only in the event that the first payments on the real estate were made, and that these first payments were never made. The defendant counterclaimed for reimbursement on the first note. In holding this evidence inadmissible the Court stated:

"The plea in the present case alleges that the plaintiff was to reimburse the defendant any amount paid on the notes should the purchaser of the motel not make the first four payments on the motel, and although this plea does not say, in so many words, 'that in a certain event the notes are not to be paid' it does attempt to do this by varying the unconditional promise to pay by adding a condition whereby, in effect, the maker would not be liable in the event the purchaser of the motel failed in his obligation to the maker.

. . . . .

The plea of failure of consideration based on these allegations is not valid inasmuch as this plea attempts to vary

the unconditional promise to pay the notes by attaching thereto a condition not contained in, and contradictory to, the notes sued on."

95 Ga.App. at 664, 98 S.E.2d at 381.

In *Tyre v. Price,* 52 Ga.App. 526, 183 S.E. 843 (1936), a suit on a promissory note, the defense sought to be raised was that there had been an understanding that the amount would be fairly prorated in accordance with the services actually performed. The Court stated:

"In the instant case the writing did not state the consideration, but the defendant, as he has a right to do, undertakes to set it up by parol, in order to show a partial failure thereof. In doing so, however, he is not permitted to do aught which impairs the unconditional *promise* as stated in the writing. If without attacking, but while admitting, the unconditional promise to pay, he can show that the promise as made has failed in whole or in part because the unconditional consideration on which it was based has failed, he may do so. But where the plea shows that a part of the consideration was known to be contingent, and yet, with full knowledge of such fact, the promise was nevertheless made absolute and unconditional, then and in that event the only way to disclaim liability would be to attack, not the consideration, but the promise itself by making it likewise conditional. This he can not do . . . . But where it is plainly shown by the plea itself that it was in the minds of all the contracting parties that some of the consideration was contingent, as being based upon the exigencies of the litigation, and that notwithstanding such knowledge the defendant made his promise absolute and unconditional, the happening of the very contingency forming the basis of the absolute promise to pay would not avoid the promise. Nor can the promise be changed in order to conform to what was the alleged understanding, in view of the contingent nature of a portion of the consideration. What the defendant seeks to do is to show that the written unconditional promise does not set forth the agreement, but that the true intent was that the promise was only contingent . . . . This is obviously an attempt to convert by parol an unconditional written promise into a promise conditioned on the happening of contingencies. Many times the courts have held that this is not permissible . . . . The plea of the defendant amounts to nothing more than an effort to show by parol that the unconditional written promise is not to be taken as expressed, but should be now altered to mean as having been actually intended and agreed to be conditioned in part upon the happening of contingencies recognized as uncertain at the time the absolute promise was executed."

52 Ga.App. at 530–32, 183 S.E. at 845.

*See also, Peagler v. Huey,* 183 Ga. 677, 188 S.E. 906 (1936); *Cohan v. Flanders,* 315 F.Supp. 1046 (S.D.Ga.1970). From these authorities it becomes clear that the defendant in the case *sub judice* is not attacking the consideration for the note. There is no question with regard to the fact that $25,000 was actually paid out by the plaintiff. The defendant is attempting to attach a condition to his promise to repay. This he may not do by parol. Again quoting from *Boynton, supra :*

"But if the thing proposed to be proved attaches a condition to the note, *as that in a certain event it is not to be paid,* or is to be paid at a different time from the time stated, or not to be paid in money, etc., then parol evidence is inadmissible." (emphasis added).

53 Ga. at 218.

As one leading authority has noted:

"A note or bill definitely states a promise to pay the amount promised, and the time of payment. Many cases hold that as to these matters antecedent agreements and negotiations have been nullified by the mutual assent to

the written terms. Antecedent agreements like the following are excluded: that the promisor is in fact privileged not to pay; that the payment may be made otherwise than in money; *that payment shall be required only out of earnings of property or out of the proceeds of collateral security.*" (emphasis added).

3 *Corbin on Contracts,* § 587 p. 516. Thus, it is clear that defendant cannot come within this exception to the parol evidence rule.

Defendant also argues that the missing understanding in this case amounts to a condition precedent which would not vary or contradict the writing, but would invalidate it as a presently enforceable agreement. Thus, testimony with regard to this oral understanding is admissible under this exception to the parol evidence rule. This exception to the rule was explained in *Jennings v. Powell,* 58 Ga.App. 416, 417, 198 S.E. 809, 810 (1938):

"It is true that as between the original parties to a promissory note it may be shown, notwithstanding the fact that the note was executed and in the actual possession of the payee, that in fact the note was incomplete because there had been no real delivery of the same to the payee, but that it was merely left in his possession until some additional person should sign it before it should become a completed contract, this being permitted on the theory that it is permissible to show that there never was actually a contract. But this rule cannot be so applied as to allow it to be set up and proved, even as between the original parties, that, though the contract was completed and otherwise valid, the payee contemporaneously with its execution orally agreed never to sue on the same."

The facts of this case do not fit under this exception to the parol evidence rule. This exception basically goes to conditional *delivery* of the contract. Upon conditional delivery, and usually as a part of the payee's agreed upon consideration, an additional event is required, e. g., obtaining the signature of a co-maker, endorser, etc. In fact, several of the cases relied upon by the defendant are of this nature. In *Kelley v. Carson,* 120 Ga.App. 450, 171 S.E.2d 150 (1969), defendant was allowed to produce parol evidence that his delivery of a note to plaintiff was conditioned upon the plaintiff's obtaining notes of like amount from four other people. In *Big Builder, Inc. v. Evans,* 126 Ga.App. 457, 191 S.E.2d 290 (1972), parol evidence was allowed to show that the plaintiff had never performed his promise to repair and correct defective construction. These cases could readily be seen as mere examples of the want or failure of consideration exception in that the condition sought to be raised is alleged to be part of the agreed upon bargain between the parties and the plaintiff has failed to perform.

In the case *sub judice* the alleged oral agreement or understanding goes neither to the want or failure of consideration in the sense that the plaintiff has somehow been deficient in this regard, nor to conditional delivery in the sense that the plaintiff was required to do something that he failed to do. In essence, the defendant alleges that his *promise to pay* was conditional and contingent. And yet, with full knowledge of this alleged understanding, he signed an unconditional promissory note to pay a sum certain on demand. Common sense says that these two things are contradictory. Therefore, the defendant's evidence is barred by the parol evidence rule as an attempt to *vary* the *terms* of the note.

Therefore, the plaintiff's motion for summary judgment on Count I is hereby granted. There remains to be resolved in this case Count II of the plaintiff's complaint and the defendant's counterclaim.